# Richmond

## ISRAEL WESLEY HERRON v. COMMONWEALTH OF VIRGINIA.

October 9, 1967.

Record No. 6526.

Present, Eggleston, C.J., Buchanan, Snead, I'Anson, Carrico and Gordon, JJ.*

---

*Justice Spratley, prior to the effective date of his retirement, participated in the hearing and concurred in the disposition of the case.

*Robert T. Winston* for plaintiff in error.

*D. Gardiner Tyler, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for defendant in error.

GORDON, J., delivered the opinion of the court.

Herron was tried on an indictment charging him with the rape of a thirteen-year-old girl on February 23, 1966. Va. Code Ann. § 18.1-44 (Repl. vol. 1960) (authorizing the death penalty or confinement for life or a term of not less than five years where a person carnally knows a female child under the age of fourteen years, whether or not the female consented). This appeal is from the conviction order, which sentenced Herron to ten years in the penitentiary. Herron complains principally of an instruction that permitted the jury to find him guilty if it believed he had sexual intercourse with the girl *at any time* before she was fourteen.

At the trial the thirteen-year-old prosecutrix testified that Herron had sexual intercourse with her on the afternoon of February 23, 1966. Over the defendant's objection the court permitted her to testify further that Herron had had sexual intercourse with her "[a]bout every other week end" during the year preceding February 23, 1966. We find no error in the admission of this evidence.

[1] We have held that in a prosecution for statutory rape, where the female's consent is not a defense, evidence of an act of sexual intercourse after the day specified in the indictment is admissible "as tending to show the disposition of the defendant with respect to the particular act charged". *Stump* v. *Commonwealth*, 137 Va. 804, 808, 119 S.E. 72, 73 (1923); see also *Waitt* v. *Commonwealth*, 207 Va. 230, 235, 148 S.E.2d 805, 809 (1966). We see no reason why evidence of acts of sexual intercourse before the day specified in the indictment should not be equally admissible.

Evidence of acts of sexual intercourse for which the defendant is not being tried should be admitted, however, for only limited purposes. A jury should be permitted to consider such evidence, if it believes the evidence to be true, as showing the defendant's inclina-

tion to commit the act with which he is charged and as tending to corroborate the testimony of the alleged victim with respect to the act with which the defendant is charged. A jury should not be permitted to consider such evidence as proof of the defendant's guilt of any offense with which he is not charged, or as direct proof of the defendant's guilt of the offense with which he is charged.

[2] The vice of Instruction 1, given by the trial court in this case over the defendant's objection, is that it permitted the jury to find the defendant guilty of an offense with which he was not charged. The instruction reads:

"The Court instructs; [*sic*] the Jury that if you believe from the evidence beyond a reasonable doubt that the defendant, Israel Wesley Herron, had sexual intercourse with Phyllis Joan Miller *at any time before she was fourteen years of age* you should find the defendant guilty regardless of whether or not force was used by him in the accomplishment of such act and regardless of whether or not such act was done with or without her consent, and fix his punishment, at death, or by confinement in the penitentiary for life or for any term not less than five years." [Emphasis supplied.]

Herron was indicted and tried for one offense, rape on February 23, 1966. He was not put in jeopardy for any other offense, and he was not called upon to defend any other charge. Yet Instruction 1 permitted the jury to return a verdict of guilty even if it believed Herron not guilty of the offense with which he was charged, so long as it believed him guilty of a similar offense on some earlier date. The giving of Instruction 1 was therefore reversible error.

Although in *Lear v. Commonwealth*, 195 Va. 187, 192, 77 S.E.2d 424, 426 (1953), we approved an instruction substantially the same as Instruction 1, that case does not support the giving of Instruction 1 in this case. Lear was tried on an indictment charging him with the rape of a thirteen-year-old girl on a specified day. The evidence showed one act of sexual intercourse on the day specified in the indictment, when the victim was thirteen years old, and another act on a later day, after the victim's fourteenth birthday. So by instructing the jury to find Lear guilty if it believed he had had sexual intercourse with the victim "at any time before she became 14 years of age", the court permitted the jury to find Lear guilty only of the offense with which he was charged.

[3]   The Commonwealth argues that Instruction C made it clear that Herron was called upon to defend only the charge specified in the indictment, rape on February 23, 1966, and therefore cured any error in Instruction 1. Instruction C, as given, reads:

"The Court instructs the jury that if the evidence introduced by the defendant that he was not at the scene of the alleged crime at the time alleged is such as to create and leave in the mind of the jury a reasonable doubt of his presence there, then you shall find the defendant not guilty of the offense of February 23, 1966."

But by telling the jury that under certain circumstances it should find Herron not guilty of *the offense of February 23, 1966,* Instruction C implied that the jury could find him guilty of an offense committed on another day. So Instruction C aggravated the error of Instruction 1.

The only other assignment of error warranting discussion relates to the overruling of objections that certain testimony given by the prosecutrix's mother was hearsay.

[4]   On direct examination, the Commonwealth's attorney asked the mother when she learned "anything regarding the case we are trying here today". She answered, ". . . Friday [February 25, 1966, two days after the alleged offense] . . . me and my little daughter [the prosecutrix's younger sister] went down to the laundrymat. . .". After being cautioned not to repeat what her younger daughter had said, the mother testified, "Well, then's when I found it out, on Friday". Because the mother was not permitted to repeat what her daughter had said, the trial court properly overruled defense counsel's objection to this testimony.

Then the mother was asked what she did. She answered, "Well, when I come home [on Friday, February 25, 1966], Phyllis [the prosecutrix] had been to the hop, and so when she come home from the hop I asked her, and she started crying and she said: yes, Mama, he had, that Wesley [Herron] had been fooling with her—". The court overruled defense counsel's objection to this testimony, and permitted the mother to give further details of what the prosecutrix had told her about acts of sexual intercourse with Herron.

Although it is not pointed out in the briefs, we recognize the rule that a complaint made by the alleged victim of a rape is admissible. The victim's failure to complain may be taken as discrediting her

testimony about the offense. So testimony of the complaint, whether given by the victim or the person to whom she complained, is admissible not as independent evidence of the offense, but as corroboration of the victim's testimony. Only the fact of the complaint is admissible, not the details of the alleged offense as reported by the victim. See *Pepoon* v. *Commonwealth*, 192 Va. 804, 810, 66 S.E.2d 854, 858 (1951); *Haynes* v. *The Commonwealth*, 69 Va. (28 Gratt.) 942, 947 (1877); *Brogy* v. *The Commonwealth*, 51 Va. (10 Gratt.) 722 (1853). In Virginia, such evidence is admissible even though the victim's consent is not a defense to the charge of rape. See *Locke* v. *Commonwealth*, 149 Va. 447, 141 S.E. 118 (1928) (prosecution for the attempted rape of a fifteen-year-old girl). (For a contrary view see 4 Wigmore, *Evidence* § 1135, at 223-24 (3rd ed. 1940).)

[5] The prosecutrix in this case did not volunteer information to her mother about the alleged offense; she only answered her mother's questions. So it may be argued that the prosecutrix did not make a "complaint" within the meaning of the rule referred to in the preceding paragraph. But this argument has been answered by our decision in *Locke* v. *Commonwealth, supra*, where we treated the answer of a fifteen-year-old girl to questions put by the police as a complaint within the meaning of the rule.

[6] The prosecutrix in this case made no report of the alleged offense until the second day after it happened. And we have indicated, at least by dictum (see, e.g., *Pepoon* v. *Commonwealth, supra* at 810, 66 S.E.2d at 858), that the complaint should be made soon after the offense occurred. But the prosecutrix's delay in making a report to her mother should bear upon the weight to be given the evidence, not its admissibility. 4 Wigmore, *Evidence* § 1135, at 222 (3rd ed. 1940).

Upon retrial, the court should admit testimony to show that the prosecutrix told her mother the alleged offense had been committed, but should exclude the details of the offense as told to the mother.

*Reversed and remanded.*