**Richmond**

MICHAEL J. McMANUS

v.

COMMONWEALTH OF VIRGINIA

No. 1755-91-2

Decided April 27, 1993

COUNSEL

John W. Wright, Jr. (Downs & Wright, on brief), for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This appeal is from convictions of rape and aggravated sexual battery of a child under the age of thirteen. It involves application of the rule permitting the admission of evidence of an out-of-court complaint by an alleged rape victim even though the victim has not testified. We hold that such a complaint is admissible even if the victim does not testify because the complaint corroborates, not the testimony of the victim, but the occurrence of the crime.

The victim's grandmother testified over the defendant's objection, about complaints the five-year-old victim had made to her. She testified that the child had told her that the defendant "pulled her underwear off, took his clothes off, and got on top of her." She further testified that the child had said that the defendant "put his thing in her."

■ Under a rule unique to rape trials, evidence of an out-of-court complaint by a victim is admissible, not as independent evidence of the offense, but as corroboration. *Cartera v. Commonwealth*, 219 Va. 516, 518, 248 S.E.2d 784, 786 (1978). This rule is frequently described as permitting "corroboration of the victim's testimony." *Id.* However, the underlying rationale for the rule does not limit its application to those cases where the victim actually testifies.

■ This exception to the hearsay rule was originally based upon the observation that "[t]he instincts of human nature, revolting at this unnatural and heinous crime, compels the victim to cry out and denounce its foul perpetrator." *Haynes v. Commonwealth*, 69 Va. (28 Gratt.) 942, 947 (1877). Even though contemporary observers might not credit the converse of the rule, believing instead that a rape victim's silence does not diminish the likelihood of a rape, the original rationale for the rule remains unchallenged. *See Pepoon v. Commonwealth*, 192 Va. 804, 810, 66 S.E.2d 854, 858 (1951); *see also Herron v. Commonwealth*, 208 Va. 326, 330, 157 S.E.2d 195, 198 (1967).

■ A rape victim's complaint, however, is "not . . . independent evidence of the offense." *Cartera*, 219 Va. at 518, 248 S.E.2d at 786. Thus, courts often declare that it is admissible "as corroboration of the victim's testimony." *See id.*

■ A rape victim's complaint corroborates more than his or her testimony; it also corroborates the occurrence of the rape itself. *Ketcham v. State*, 240 Ind. 107, 110, 162 N.E.2d 247, 247 (1959). No reason justifies limiting the rule to corroboration of a victim's testimony. We hold that the rule is applicable to corroborate other independent evidence of the offense; however, the complaint alone does not constitute sufficient evidence of the offense.

■ This evidence is admissible, at least in Virginia, "even though the victim's consent is not a defense to the charge of rape." *Herron*, 208 Va. at 330, 157 S.E.2d at 198. Therefore, in this case, the victim's complaint is admissible even though she is an infant and consent is not a legal defense to the charge of rape. *See Locke v. Commonwealth*, 149 Va. 447, 451, 141 S.E. 118, 120 (1928).

■ The rule is limited in application to cases of rape and has not been extended to other sex-related offenses. *See Pepoon*, 192 Va. at 811, 66 S.E.2d at 858; *Kauffmann v. Commonwealth*, 8 Va. App. 400, 407, 382 S.E.2d 279, 283 (1989). Therefore, the victim's complaint

was not admissible to prove the offense of aggravated sexual battery. However, the question that elicited the grandmother's testimony describing the victim's complaints was specifically framed so that it addressed only the charge of rape, and the response by the grandmother related only to the charge of rape. Furthermore, the trial was conducted, without a jury, by a judge who is "presumed to disregard prejudicial or inadmissible evidence, [which] presumption will control in the absence of clear evidence to the contrary." *Hall v. Commonwealth*, 14 Va. App. 892, 902, 421 S.E.2d 455, 462 (1992). Thus, the admission of evidence of the complaint in the trial of the rape charge did not prejudice the defendant in the trial judge's consideration of the charge of aggravated battery.

The defendant also contends that the evidence was insufficient to support his conviction. He argues that, although he confessed to the crimes, his confession was not sufficiently corroborated by other evidence. *See Watkins v. Commonwealth*, 238 Va. 341, 348, 385 S.E.2d 50, 54 (1989), *cert. denied*, 494 U.S. 1074 (1990) ("[A]n accused cannot be convicted solely on his uncorroborated extrajudicial admission or confession").

In two separate statements to police officers, the defendant confessed to both crimes. In one statement, he admitted having sexual intercourse with the child and admitted penetrating her with his finger.

A physician who examined the child described her condition as "consistent with her having been penetrated in the past, . . . but there was no concrete evidence that she had been." She said that the examination revealed "redness of her labial folds, but no swelling there," and that "her hymen was perforated," but that "no true vaginal tear or laceration" was found. The physician testified without objection that the child, in describing the history of sexual assault, "was very specific about one date, which was Valentine's Day, 1991, and said that there were other numerous occasions also."

The physician's testimony and the grandmother's testimony of the child's complaint corroborated the defendant's confessions. This evidence was, therefore, sufficient to support the convictions.

For these reasons, the judgments of conviction are affirmed.

*Affirmed.*

Moon, J., and Elder, J., concurred.