# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

v.

Michael John Wills

February 20, 1998

Case No. CF97-657, 658, 659

BY JUDGE WILLIAM H. LEDBETTER, JR.

The issue raised by the defendant's pre-trial motion is whether a "fresh complaint" of a sexual offense is admissible under Virginia Code § 19.2-268.2 even when the victim does not testify.

*Facts*

The grand jury has indicted Michael John Wills on charges of aggravated sexual battery, sodomy, and felony child abuse. The alleged victim is his three-year-old daughter.

Mr. Wills has been arraigned and has entered pleas of not guilty, and his case is set for trial by jury.

On February 18, 1998, the court heard arguments on Mr. Wills' pre-trial motion to exclude the testimony of Sherry Eskew, the child's aunt.

Apparently, Mrs. Eskew was the first person to whom the child reported the alleged incident. Consequently, the Commonwealth intends to call Mrs. Eskew as a witness in its case-in-chief so that she can relate the child's report under the so-called "fresh complaint" or "recent complaint" rule. The Commonwealth concedes that it does not presently intend to call the child as a witness. This circumstance is the basis of Mr. Wills' motion.

*Applicable Law*

Hearsay testimony about the original complaint made by a victim of sexual assault is admissible under certain circumstances. The rule, often referred to as the doctrine of "fresh complaint" or "recent complaint," is usually described as an exception to the hearsay rule. Only the fact of the complaint is admissible; details cannot be given.[1] Friend, *Law of Evidence in Virginia* (4th ed. § 18-29.)

The fresh complaint exception to the hearsay rule is derived from the early English common law rule requiring any victim of violent crime to raise a "hue and cry" so that neighbors would come to his or her aid, engage in a search for the attacker, and dispel any suggestion that the victim concocted the story. The rule was applied with particular force to sexual offenses.

The "hue and cry" rule is now discredited. In its place, three theories have emerged under which evidence of a recent or fresh complaint of a sexual offense may be admissible. First, the complaint may be admitted to corroborate the victim's testimony and to rebut the inference of recent fabrication. Under this theory, the evidence is corroborative and the victim must testify before the complaint is admissible. The second theory admits the evidence as a prior consistent statement of the victim to rebut a charge of recent fabrication, improper influence, or improper motive. Under this approach, too, the victim must testify. The third theory admits evidence of fresh complaint under the "excited utterance" or "res gestae" exception to the hearsay rule. Using this theory, the victim need not testify, but the complaint must have been made immediately after the event in order to meet the requirements of an excited utterance.

Virginia has traditionally followed the first theory. Thus, in Virginia, evidence of a prompt complaint or report of a sexual offense is admissible as corroborative evidence. See discussion of the three theories in *Terry v. Commonwealth*, 24 Va. App. 627 (1997). Note that the theory underlying Virginia's rule, i.e., the "corroboration" theory, requires that the victim testify.

In *Cartera v. Commonwealth*, 219 Va. 516 (1978), the Supreme Court held that a fresh complaint is admissible in a rape case "as corroboration of the victim's testimony."

---

[1] This aspect of the fresh complaint rule has been relaxed somewhat in recent cases involving child victims. *See, e.g., Mitchell v. Commonwealth*, 25 Va. App. 81 (1997).

Nevertheless, in *McManus v. Commonwealth*, 16 Va. App. 310 (1993), a panel of the Court of Appeals held that "the underlying rationale for the rule does not limit its application to those cases where the victim actually testifies." While acknowledging that the premise of Virginia's fresh complaint rule is the "corroboration" theory, the *McManus* court declared:

> We hold that such a complaint is admissible even if the victim does not testify because the complaint corroborates, not the testimony of the victim, but the occurrence of the crime.

In 1993, subsequent to the decision in the *McManus* case, the General Assembly enacted Virginia Code § 19.2-268.2, which provides as follows:

> Notwithstanding any other provision of law, in any prosecution for criminal sexual assault . . . the fact that the person injured made complaint of the offense recently after commission of the offense is admissible, not as independent evidence of the offense, but *for the purpose of corroborating the testimony of the complaining witness.*

(Emphasis added.)

The thrust of the statute is to extend the application of the fresh complaint rule from rape cases, to which it was previously limited, to all sexual assault cases. Otherwise, it has been said, the statute "embodies the common law rule." *See, Terry, supra.*

However, in view of the plain meaning of the last phrase of the statute, emphasized in the quote above, does § 19.2-268.2 really "embody the common law rule" as construed in *McManus*?

After the enactment of § 19.2-268.2, a panel of the Court of Appeals decided *Woodard v. Commonwealth*, 19 Va. App. 24 (1994), a sexual assault case involving the admissibility of a fresh complaint. In analyzing the fresh complaint rule, the court cited § 19.2-268.2 but did not quote it or discuss it. The court also cited *McManus* and quoted its holding that "[N]o reason justifies limiting the rule to corroboration of a victim's testimony." However, the *Woodard* decision focused upon the timeliness of the complaint. The victim testified. Therefore, the court had no reason to give attention to the difference between the holding in *McManus* that the victim need not testify in order for a fresh complaint to be admissible and the more restrictive language of § 19.2-268.2 which allows a fresh complaint to be admissible "for the purpose of corroborating the testimony of the complaining witness."

In 1996, a panel of the Court of Appeals decided another sexual assault case involving the admissibility of a fresh complaint. *Lindsey v. Commonwealth*, 22 Va. App. 11 (1996). In that case, the statute was not mentioned, and reference to *McManus* was limited to the proposition that evidence of a fresh complaint is admissible, not as independent evidence of the offense, but as corroboration. As in *Woodard*, the *Lindsey* case addressed the timeliness of the complaint. The victim testified. Thus, again, the court was not called upon to compare the specific *McManus* holding with the restrictive language in § 19.2-268.2.

*Terry, supra*, another child sexual assault case, was decided in 1997. The case was expressly decided upon the statute, § 19.2-268.2. Prior to discussing the statute, the court said that the common law fresh complaint rule holds that "evidence of a prompt complaint of rape is admissible to corroborate *the complaining witnesses' testimony* regarding the occurrence of the rape" (emphasis added). Curiously, the court cited *McManus* for that proposition. But as we have seen, *McManus* actually held that "the complaint *corroborates not the testimony of the victim* but the occurrence of the crime" (emphasis added). Then, the *Terry* court turned its attention to the statute, which it said "codifies Virginia's common law 'recent complaint' hearsay exception . . . ." The court quoted the statute, including the restrictive language that makes a fresh complaint admissible "for the purpose of *corroborating the testimony of the complaining witness*" (emphasis added). It is understandable that the court did not give special attention to the contrast between the *McManus* holding and the language of § 19.2-268.2 because the issue in the case was the timeliness of the complaint. As in *Woodard* and *Lindsey*, the victim testified. Thus, there was no reason to consider whether evidence of a fresh complaint would be admissible under the statute if the victim does not testify.

In *Mitchell, supra*, a panel of the Court of Appeals held that testimony of a fresh complaint was admissible in a child sexual assault case even though some details of the incident were recited. The court quoted § 19.2-268.2 and said that evidence of a fresh complaint is not admissible as independent evidence of the offense, but it is admissible "to corroborate the victim's testimony *and* other independent evidence of the case" (emphasis added). Once again, the court's failure to give special attention to the precise restrictive language in the last phrase of § 19.2-268.2 is understandable, since the issue was not before the court. The victim testified.

*Decision*

As this historical summary indicates, the corroborative nature of fresh complaint evidence has been the subject of various, sometimes conflicting, explanations and analyses. However, only *McManus* addressed the exact issue before this court in the case at bar, and that case was decided in 1993 before the enactment of § 19.2-268.2. Although *McManus* has been cited, even quoted, with approval by panels of the Court of Appeals since then, it has not done so within the context of deciding whether the victim must testify in order for the fresh complaint evidence to be admissible.

To reiterate, Virginia adopted the common law "fresh complaint" exception to the hearsay rule on the theory that such evidence is admissible to corroborate the victim's testimony. Under this theory, the victim must testify in order for the complaint to be admissible. *See, Terry, supra.* This approach is wholly consistent with the language of the decisions of the Supreme Court. *See, e.g., Cartera, supra. McManus*, however, held that the complaint corroborates the occurrence of the crime, not just the testimony of the victim, so the testimony of the victim is not required as a prerequisite for admissibility of the complaint. Then, § 19.2-268.2 was enacted, which specifically and plainly utilizes pre-*McManus* language by allowing evidence of the complaint to corroborate "the testimony of the complaining witness."

Perhaps the General Assembly did not intend to overrule the *McManus* holding when it "codified the common law rule" and extended it beyond rape cases in § 19.2-268.2, but this court is of the opinion that it did precisely that, clearly and unequivocally, when it was provided that the purpose of the evidence is to corroborate the *testimony of the victim.*

Therefore, the court is of the opinion that the Commonwealth may offer evidence of a fresh complaint only if the victim testifies because the purpose of that evidence, according to § 19.2-268.2, would be to corroborate the victim's testimony.

The court sustains the defendant's motion.