COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Bumgardner
Argued at Salem, Virginia


ROY T. HUTCHISON
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0131-97-3    JUDGE RUDOLPH BUMGARDNER, III
                                         APRIL 28, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CRAIG COUNTY
                 Duncan M. Byrd, Jr., Judge

         Michelle T. Gibson (Harvey S. Lutins;
         Gordon H. Shapiro; Jonathan S. Kurtin;
         Lutins, Shapiro & Kurtin, on brief), for
         appellant.

         H. Elizabeth Shaffer, Assistant Attorney
         General (Richard Cullen, Attorney General, on
         brief), for appellee.


     Roy T. Hutchison was convicted at a bench trial of rape of a

female under the age of thirteen years.  The defendant claims

that the trial court erred in admitting the victim's hearsay

statements under the recent complaint exception to that rule.  We

find that any error was harmless and affirm the conviction.

     The indictment charged that the rape occurred between July

1989 and July 1994.  At the time of the trial, July 1997, the

victim was seventeen.  She testified that the defendant, who was

her uncle, had touched her vagina and breasts and had placed his

penis in her vagina about ten different times.  The first time

was when she was eleven years old and in the fourth grade.  This

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

occurred at her grandmother's home where the defendant lived.

The victim first made a complaint in 1995 to her school counselor. She told the counselor that the first rape occurred when she was in the third grade. The episodes had continued until that May and also included digital penetration of her vagina and anus, forced oral sex, and threats if she ever told anyone. On cross-examination, the victim testified that her cousin had seen one incident.

The victim's cousin, sixteen at trial, testified that she saw the defendant rape the victim. John Young, a long time acquaintance of the defendant, testified the defendant told him he had sexual relations with the victim. The statement was an unsolicited one before the defendant had been accused of anything. The defendant admitted to the sheriff's department that he had put his penis in the victim on three occasions. At trial he denied making that statement or having had any improper relations with the victim.

The defendant complains that the statements of the victim to the counselor should not have been admitted because they were not made recently after the commission of the offense. The recent complaint of rape exception to the hearsay rule was expanded in its application and then enacted as Code § 19.2-268.2. Early cases indicated that the complaint needed to be made soon after the rape. See Pepoon v. Commonwealth, 192 Va. 804, 810, 66 S.E.2d 854, 858 (1951). Later cases held that delay in making the report should not control its admissibility but should be a

factor bearing on the weight to be given the evidence.  See Herron v. Commonwealth, 208 Va. 326, 330, 157 S.E.2d 195, 198 (1967).

Timeliness of the complaint bears on the exercise of the discretion vested in the trial court in deciding whether to admit it.  Thereafter, timeliness is a factor considered by the trier of fact in weighing the evidence.  See Woodard v. Commonwealth, 19 Va. App. 24, 27, 448 S.E.2d 328, 330 (1994); Terry v. Commonwealth, 24 Va. App. 627, 634-35, 484 S.E.2d 614, 617-18 (1997).  It is a question of weight rather than admissibility.  See Lindsey v. Commonwealth, 22 Va. App. 11, 16, 467 S.E.2d 824, 827 (1996).  We find that the trial court did not abuse its discretion in admitting the statement though it was made long after the event.

The defendant also complains that the trial court erred in admitting details of the statement made to the school counselor rather than just the fact of the complaint.  We find that any error made in admitting more detail than permitted was harmless.  The evidence of other witnesses independent of anything the school counselor attributed to the victim clearly established everything contained in that statement.  "Even though testimony is objectionable as hearsay, its admission is harmless error when the content of the extra-judicial declaration is clearly established by other competent evidence."  Schindel v. Commonwealth, 219 Va. 814, 817, 252 S.E.2d 302, 304 (1979).

Although the trial court may have erred in admitting details

of the victim's statement, the defendant is entitled to a reversal of his conviction only where the "improper evidence suggests a manifest probability that it was prejudicial to the defendant." Rider v. Commonwealth, 8 Va. App. 595, 600, 383 S.E.2d 25, 27 (1989). "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same." Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc).

Considering that the victim's cousin observed the defendant rape the victim, the defendant confessed to law enforcement that he had inserted his penis in the victim on three occasions, and a long time acquaintance of the defendant testified that the defendant had told him that he had sexual relations with the victim, we find no reversible error by the admission of the challenged evidence. Upon review of the entire record, any error was "inconsequential when viewed in comparison to the overwhelming evidence of [the defendant's] guilt." Hanson v. Commonwealth, 14 Va. App. 173, 176, 416 S.E.2d 14, 16 (1992).

We affirm the conviction of the defendant.

Affirmed.