COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and Kelsey
Argued at Richmond, Virginia


ROBERT THOMAS MANGUM

                                    MEMORANDUM OPINION* BY
v.    Record No. 0761-02-2        JUDGE JAMES W. BENTON, JR.
                                       FEBRUARY 4, 2003
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HANOVER COUNTY
                    John Richard Alderman, Judge

         J. Overton Harris for appellant.

         Eugene Murphy, Assistant Attorney General
         (Jerry W. Kilgore, Attorney General, on
         brief), for appellee.


     The trial judge convicted Robert Thomas Mangum of two

offenses of carnal knowledge of a child fourteen years of age.

Mangum contends the trial judge erred by admitting into evidence

testimony of a prior sexual relation between him and the child.

For the reasons that follow, we affirm the convictions.

                                I.

     The grand jury issued indictments charging that on two

occasions between May 1, 2001 and June 26, 2001 Mangum "carnally

[knew], without the use of force, a minor child, fourteen . . .

years of age," in violation of Code § 18.2-63.  At trial, the

child testified that she often visited Mangum's stepdaughter and

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

occasionally stayed at the Mangum residence.  On two separate occasions in the Spring of 2001, Mangum had sexual intercourse with her in the kitchen and in the bedroom of his residence.  When the prosecutor asked the child if she had any kind of sexual relations with Mangum before those events, Mangum's attorney objected that the testimony was not relevant.  The trial judge overruled the objection and permitted the child to testify that she had sexual relations with Mangum in the year 2000.  She also testified that Mangum was convicted for that offense.

At the conclusion of all the evidence, the judge convicted Mangum of the two offenses and sentenced him to five years in prison for each conviction and suspended three years of each sentence.  The judge also revoked nine years and nine months of Mangum's previously suspended sentence for aggravated sexual battery.

## II.

Mangum contends the evidence of his prior sexual relations with the child was irrelevant to any issue at trial.  The Commonwealth replies that Supreme Court decisions have upheld the admission of similar evidence on the ground that it was relevant and admissible.

We are guided by the following well established principles:

> As a general rule, evidence of other offenses is inadmissible to prove guilt of the crime for which the accused is on trial. Exceptions to this general rule, however, are as well established as the rule itself.

-

> Pertinent to our present inquiry, where the
> motive, intent, or knowledge of the accused
> is at issue, evidence of other offenses is
> admissible if it shows the conduct or
> attitude of the accused toward his victim,
> establishes the relationship between the
> parties, or negates the possibility of
> accident or mistake.

Moore v. Commonwealth, 222 Va. 72, 76-78, 278 S.E.2d 822, 824

(1981) (citations omitted).  See also Stump v. Commonwealth, 137

Va. 804, 808, 119 S.E. 72, 73 (1923) (holding that "in a

prosecution for statutory rape, . . . evidence [of a subsequent

act of intercourse between the defendant and the minor] is

admissible as tending to show the disposition of the

defendant").

Applying these principles, the Supreme Court addressed the

same issue Mangum raises in this appeal in Herron v.

Commonwealth, 208 Va. 326, 157 S.E.2d 195 (1967).  In Herron,

the child testified that the accused had sexual intercourse with

her on February 23 and was permitted to testify, over objection,

that he "had had sexual intercourse with her '[a]bout every

other week end' during the year preceding February 23."  Id. at

327, 157 S.E.2d at 196.  Approving the admission of this

evidence, the Court held as follows:

> We have held that in a prosecution for
> statutory rape, where the female's consent
> is not a defense, evidence of an act of
> sexual intercourse after the day specified
> in the indictment is admissible "as tending
> to show the disposition of the defendant
> with respect to the particular act charged."
> We see no reason why evidence of acts of

-

> sexual intercourse before the day specified in the indictment should not be equally admissible.
>
> Evidence of acts of sexual intercourse for which the defendant is not being tried should be admitted, however, for only limited purposes. A jury should be permitted to consider such evidence, if it believes the evidence to be true, as showing the defendant's inclination to commit the act with which he is charged and as tending to corroborate the testimony of the alleged victim with respect to the act with which the defendant is charged. A jury should not be permitted to consider such evidence as proof of the defendant's guilt of any offense with which he is not charged, or as direct proof of the defendant's guilt of the offense with which he is charged.

Id. at 327-28, 157 S.E.2d at 196-97 (citations omitted).

As in Herron, the evidence Mangum sought to bar concerned a prior incident of a sexual relation involving the same child for whom he currently was being prosecuted for having engaged in sexual intercourse. For the reasons explained in Herron, we hold the evidence was relevant in this prosecution. Accordingly, we affirm the judge's ruling and the conviction.

Because we affirm the conviction, Mangum's further contention, that the trial judge erred in considering this conviction as a basis for revoking a previously suspended sentence, is moot.

Affirmed.

-