# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

 v.

Andrew Alan Pacheco, II

March 15, 2016

Case Nos. CR15-2068-00/CR15-2992-00

By Judge Mary Jane Hall

This matter comes before the Court on the Commonwealth's Motion *in Limine* To Offer Evidence at Trial of Prior Criminal and Sexual Conduct by Defendant Towards [minor victim] T.G. For the reasons stated below, the Court concludes that the testimony at issue is admissible under Virginia Rule of Evidence 2:404(b). Accordingly, the Commonwealth's Motion is granted.

## Background

Defendant is charged with single counts of forcible sodomy, indecent liberties, abduction with intent to defile, assault and battery against a family member, and two counts of rape. The indictments allege that Defendant sexually abused his minor stepdaughter, T.G., on numerous occasions between December 2011 and February 2013. The Commonwealth proffered that T.G. was approximately ages 13 to 15 on the occasions that are the subject of the indictments. It further proffers, in support of the motion, that T.G. will testify that Defendant sexually assaulted her on a continuing basis for years prior to the incidents that are the subject of the indictments and at least since T.G. was eight years old.

The Commonwealth filed this Motion *in Limine* to permit the introduction of testimony from T.G. that Defendant sexually assaulted her on many occasions prior to the charged offenses. Although the victim does not recall sufficient details regarding the dates of these occurrences to support individual charges, the Commonwealth seeks to elicit her testimony about

the regular and ongoing nature of the assaults and, in general, the types of assaults to which Defendant subjected her.

*Discussion*

Virginia Rule of Evidence 2:404 provides at subsection b:

> (b) *Other crimes, wrongs, or acts.* [E]vidence of other crimes, wrongs, or acts is generally not admissible to prove the character trait of a person in order to show that the person acted in conformity therewith. However, if the legitimate probative value of such proof outweighs its incidental prejudice, such evidence is admissible if it tends to prove any relevant fact pertaining to the offense charged, such as where it is relevant to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, accident, or if they are part of a common scheme or plan.

The above exception to the general rule excluding evidence of prior crimes or bad acts is firmly rooted in Virginia case law:

> Evidence of other offenses is admitted if it shows the conduct and feeling of the accused toward his victim, if it establishes their prior relations, or if it tends to prove any relevant element of the offense charged. Such evidence is permissible in cases where the motive, intent, or knowledge of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial. Also, testimony of other crimes is admissible where the other crimes constitute a part of the general scheme of which the crime charged is a part.

*Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).

In prosecutions for sex offenses, evidence of the defendant's past sexual encounters with the victim is admissible if the following two requirements are satisfied: (1) the evidence "shows the conduct and feeling of the defendant toward his alleged victim . . . establishes prior relations between the parties, or . . . tends to prove any relevant element of the offense charged," *Ryan v. Commonwealth*, 219 Va. 439, 446, 247 S.E.2d 698, 704 (1978) (citing *Gibson v. Commonwealth*, 216 Va. at 412, 415, 219 S.E.2d 845, 848 (1975)); and (2) the legitimate probative value of the evidence must outweigh the prejudice to the defendant. *Woodfin v. Commonwealth*, 236 Va. 89, 95, 372 S.E.2d 377, 381 (1988) (citing *Lewis v. Commonwealth*, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983)). Notably, such past encounters may be introduced even if they were temporally

remote to the charged offenses: "[t]he fact that some of the . . . offenses were remote in point of time from the act under investigation does not itself render such evidence incompetent, where the acts were repeatedly done up to a comparatively recent period and were apparently inspired by one purpose." *Brown v. Commonwealth*, 208 Va. 512, 517, 158 S.E.2d 663, 667 (1968) (quoting 29 Am. Jur. 2d, *Evidence*, § 330 (1960)).

The Supreme Court of Virginia has repeatedly upheld the admission of prior sexual incidents between a defendant and the victim he or she is charged with assaulting. *See, e.g., Herron v. Commonwealth*, 208 Va. 326, 327, 157 S.E.2d 195, 196 (1967); *Brown*, 208 Va. at 516-17, 158 S.E.2d at 667; *Ryan*, 219 Va. at 447, 247 S.E.2d at 703-04; *Moore v. Commonwealth*, 222 Va. 72, 77, 278 S.E.2d 822, 825 (1981); *Freeman v. Commonwealth*, 223 Va. 301, 313-14, 288 S.E.2d 461, 467-68 (1982).

The decisions in *Herron* and *Brown* are particularly relevant to the case at bar. The defendant in *Herron* was indicted for the statutory rape of a thirteen-year-old victim. 208 Va. at 327, 157 S.E.2d at 196. The victim testified that she regularly engaged in sexual intercourse with the defendant for one year prior to the incident for which the defendant was charged. *Id.* The Supreme Court approved the admission of the testimony and held that, where the victim's consent is not at issue, the finder of fact may consider evidence of prior sexual encounters between the defendant and the victim "as showing the defendant's inclination to commit the act with which he is charged and as tending to corroborate the testimony of the alleged victim with respect to the act with which the defendant is charged." *Id.* at 327-28, 157 S.E.2d at 196-97.

The defendant in *Brown* was charged with incest for having sexual intercourse with his twenty-one-year-old daughter. 208 Va. at 513-14, 158 S.E.2d at 664-65. The victim testified that she and the defendant had engaged in non-consensual sexual intercourse since she was twelve years old and that she had given birth to a child fathered by the defendant. *Id.* at 514, 158 S.E.2d at 665. The Supreme Court upheld the admission of the testimony as probative of "the defendant's repeated incestuous purpose." *Id.* at 517, 158 S.E.2d at 667.

In the present case, the Commonwealth seeks to introduce testimony from T.G. that Defendant sexually abused her on a continuing basis prior to the charged offenses and that she gave birth to a child fathered by Defendant as a result of this abuse. This testimony is highly probative as it sheds light on the relationship between T.G. and Defendant, helps to show Defendant's conduct or feeling toward T.G., and tends to establish Defendant's inclination to commit the offenses charged in the indictments. Further, because the Commonwealth alleges that these assaults were part of a continuing pattern of abuse and inspired by a single purpose, the fact that some of these incidents are temporally remote from the charged offenses

does not render the testimony incompetent. *Brown*, 208 Va. at 517, 158 S.E.2d at 667.

T.G.'s testimony is undoubtedly prejudicial to Defendant. However, "[i]n a sense, all 'evidence tending to prove guilt is prejudicial' at least from the point of view of the person standing trial." *Thomas v. Commonwealth,* 44 Va. App. 741, 757, 607 S.E.2d 738, 746 (2005) (quoting *Powell v. Commonwealth*, 267 Va. 107, 141, 590 S.E.2d 537, 558 (2004)). The Supreme Court's decisions in *Herron* and *Brown* demonstrate that the strong probative value of a minor victim's testimony about prior sexual encounters with a defendant may outweigh the prejudicial effect such evidence may have upon the defendant. The Court finds the rationale of those decisions to be persuasive, and, under the present circumstances, the Court concludes that the strong probative value of T.G.'s testimony outweighs the prejudice to Defendant.

## Conclusion

The Court finds that T.G.'s testimony is competent and may be introduced for the purposes allowed under Rule 2:404(b).