COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker,* Judge Malveaux and Senior Judge Haley
Argued at Fredericksburg, Virginia

UNPUBLISHED

RENZO MARTIN GARCIA DAVILA

                                                        MEMORANDUM OPINION** BY
v.        Record No. 2013-17-4                      JUDGE MARY BENNETT MALVEAUX
                                                             JANUARY 8, 2019
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

    Kathryn C. Donoghue, Senior Assistant Public Defender, for
    appellant.

    Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
    Herring, Attorney General; David M. Uberman, Assistant Attorney
    General, on brief), for appellee.


    Renzo Martin Garcia Davila ("appellant") appeals his conviction for aggravated sexual

battery, in violation of Code § 18.2-67.3.  He argues the trial court erred in denying his motions

to strike and set aside the verdict because there was inadequate corroboration of his extrajudicial

confession.  Appellant further argues the trial court erred in admitting evidence of the victim's

---

    * On January 1, 2019, Judge Decker succeeded Judge Huff as chief judge.

    ** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

recent complaints of sexual abuse because the victim did not testify at trial.[1]  For the reasons that

follow, we affirm the judgment of the trial court.

## I.  BACKGROUND

"Under familiar principles of appellate review, we will state 'the evidence in the light

most favorable to the Commonwealth, the prevailing party in the trial court, and will accord the

Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence.'"

Sidney v. Commonwealth, 280 Va. 517, 520 (2010) (quoting Murphy v. Commonwealth, 264

Va. 568, 570 (2002)).

The victim, K., was six years old in October 2016.  She lived with her mother, Emily

Kauffman, and her stepfather, appellant, in the home of appellant's parents.  K., Kauffman, and

appellant shared a bedroom and adjacent living room in the basement.

On the morning of October 29, 2016, Kauffman rose early to study.  While studying in

the living room, Kauffman could hear K. and appellant talking in the bedroom.  Kauffman left

the house at around 9:30 a.m. to take an exam.

After completing her exam, Kauffman texted appellant and asked him to prepare K. to go

to her grandparents' house.  Kauffman returned home after 10:00 a.m. and found K. and

appellant in the living room.  Kauffman took K. with her and dropped her off on her way to

work.

---

[1] In an additional assignment of error, appellant contends that certain cases decided by this Court, including McManus v. Commonwealth, 16 Va. App. 310 (1993), and Woodward v. Commonwealth, 19 Va. App. 24 (1994), "are wrongly decided and must be overturned."  This Court adheres to the doctrine of interpanel accord, under which a holding by one panel of this Court "bind[s] all other three-judge panels [of this Court]."  Startin v. Commonwealth, 56 Va. App. 26, 39 n.3 (2010) (*en banc*).  Thus, a decision of one panel "cannot be overruled except by the Court . . . sitting *en banc* or by the Virginia Supreme Court."  Congdon v. Congdon, 40 Va. App. 255, 265 (2003).  Accordingly, we do not address appellant's additional assignment of error.

K.'s paternal grandfather, David Lowe, testified that on the morning of October 29, 2016 Kauffman brought K. to his house. K. and Lowe went on a walk to a park that afternoon. During the walk, K. told Lowe that she had been sexually abused by appellant.[2]

Lowe took K. back to his house where she spoke with her grandmother, Sharon Lowe. Sharon Lowe testified that K. told her she had been sexually abused and that she told Kauffman about her conversation with K. when Kauffman returned to the Lowes' house that afternoon.

Kauffman testified that after speaking with Sharon Lowe she talked with K. and that K. told her she had been sexually abused. Kauffman left K. with the Lowes and went home and asked appellant, "is there something you need to tell me[?]" Appellant said yes, and Kauffman asked him, "did you touch my daughter[?]" Again, appellant said yes. Kauffman then hit and screamed at appellant, who was "shaking and crying, saying [']I'm sorry.[']"

Kauffman called the police. Detectives Leah Smith and Michael Hengemuhle of the Fairfax County Police Department's Child Abuse Squad met with Kauffman and K. that evening. Smith testified that she conducted a forensic interview with K., during which K. made a complaint of sexual abuse.

Hengemuhle arranged and recorded a telephone call between Kauffman and appellant. During the call, the recording of which was played for the jury, Kauffman confronted appellant about his acknowledgement that he had touched K. Appellant told Kauffman that he had been trying to sleep that morning but K. kept getting into and out of his bed. When appellant showed K. the text asking him to prepare her to go to her grandparents' house, K. took off her clothes. Appellant stated that K. kept putting her hand between her legs and touching herself and that he

---

[2] Outside the presence of the jury, Lowe stated that at the park K. said, "I need to pee." She began to use the bathroom but stopped and told Lowe "it hurts, it hurts because [appellant] rubbed my porch." Appellant explained to police that K. and her mother "call [K.'s] front area her 'porch.'"

kept telling her to stop. He maintained that while trying to remove K.'s hand from between her legs he accidentally touched her genitals. Appellant also told Kauffman that he had "made a mistake" by not telling her about the accidental touching when she returned from her exam and that he had planned to discuss the matter with her that evening. When Kauffman asked appellant why he had not mentioned the incident when she had met him for lunch that day, he told her that he "didn't want to ruin what was going on." Appellant said he had "messed up big time." He agreed with Kauffman that his account did not make any sense, but continued to assert that he had accidentally touched K. Appellant also told Kauffman he had resigned his position as an instructor at a Tae Kwon Do school "to avoid any scandal."

After the telephone call between appellant and Kauffman, Hengemuhle called appellant and he agreed to be interviewed. During the interview, a video recording of which was played for the jury, appellant stated that K. got into bed with him after Kauffman left to take her exam. When K. put her hand between her legs, appellant grabbed her arm to pull her hand away. Appellant asserted that K. touched herself again several times and that on each occasion he pulled on her arm. Finally, appellant said, he placed his hand over K.'s in order to remove her hand; in doing so, he inadvertently touched K.'s genitals. Appellant stated that only the tips of his fingers touched K.'s genitals, but he agreed with Hengemuhle that his fingers might have slightly penetrated K. as he removed her hand. Appellant denied touching K. in a sexual manner.

After hearing appellant's account, Hengemuhle told appellant that it made no sense and offered him an opportunity to "come clean." Appellant then stated that he was willing to talk about "what really happened" and told Hengemuhle, "I made a mistake." He explained that the incident with K. had occurred as he had described it, but that "afterward . . . I did rub it." Appellant confirmed that he meant he had rubbed K.'s clitoris and the top of her genitals for "a couple of seconds" and that his fingertips had penetrated K. Appellant described his conduct as

- 4 -

like "what I do to my wife" and stated that it was the consequence of a lapse of judgment.  At Hengemuhle's invitation, appellant wrote a letter to Kauffman in which he told her "I know what I done is terrible and unforgivable . . . .  I had a bad lapse in judgment and completely regret it."

After appellant's interview with Hengemuhle, K. was examined by Ariel Ward, a forensic nurse examiner.  Ward testified that K. complained of pain with urination and also experienced pain during her exam.  Ward stated that experiencing pain during a forensic exam was not normal for a six year old and that she stopped the procedure because of K.'s pain.  She did not find any injuries to K.'s genitals, but noted that the genitals of a child like K. could be touched without leaving any evidence of contact.  Ward also testified that Kauffman told her K. had a history of vaginitis and urinary tract infections.  Kauffman confirmed that K. had previously experienced a few urinary tract infections but said that K. had not had an infection for months prior to October 29, 2016.

K. did not testify at trial.  Following argument on a motion *in limine* to exclude K.'s statements, the trial court ruled that the Commonwealth could elicit testimony that K. had complained of sexual abuse.

At the close of the Commonwealth's evidence, appellant moved to strike and the trial court denied the motion.  Appellant presented no evidence and renewed his motion to strike, which the trial court denied.  The jury convicted appellant of aggravated sexual battery, in violation of Code § 18.2-67.3.

Appellant filed a motion to set aside the verdict.  The trial court denied the motion, and this appeal followed.

II.  ANALYSIS

A.  Corroboration of Appellant's Extrajudicial Confession

Appellant argues the trial court erred in denying his motions to strike and set aside the verdict because there was inadequate corroboration of his extrajudicial confession.  Without such corroboration, appellant contends, the Commonwealth failed to prove the *corpus delicti* of aggravated sexual battery.[3]

The motions denied by the trial court challenged the sufficiency of the evidence.  See Hawkins v. Commonwealth, 64 Va. App. 650, 654 (2015); McGee v. Commonwealth, 4 Va. App. 317, 321 (1987).  "When considering on appeal the sufficiency of the evidence presented below, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'"  White v. Commonwealth, 68 Va. App. 111, 118 (2017) (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257 (2003) (*en banc*)).  "Thus, we do not 'substitute our judgment for that of the trier of fact.'"  Hylton v. Commonwealth, 60 Va. App. 50, 53 (2012) (quoting Kelly, 41 Va. App. at 257).  "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact" could have found the evidence sufficient.  White, 68 Va. App. at 118 (alteration in original) (quoting Kelly, 41 Va. App. at 257).

"In Virginia, it was long ago recognized that 'it is "essential" in a criminal prosecution that the Commonwealth must prove the corpus delicti, that is, "that a [crime] has been committed."'"  Terlecki v. Commonwealth, 65 Va. App. 13, 25 (2015) (quoting Allen v.

---

[3] Code § 18.2-67.3(A)(1) provides that "[a]n accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and . . . [t]he complaining witness is less than 13 years of age."  Code § 18.2-67.10(a) defines sexual abuse, in pertinent part, as "an act committed with the intent to sexually molest, arouse, or gratify any person, where . . . [t]he accused intentionally touches the complaining witness's intimate parts."  Appellant does not argue that his confessional statements are insufficient to sustain his conviction for aggravated sexual battery if they are sufficiently corroborated to prove the *corpus delicti* of that offense.

Commonwealth, 287 Va. 68, 74 (2014)). The *corpus delicti* rule has evolved from this principle to govern cases in which the Commonwealth, through the use of the accused's extrajudicial confession, attempts to prove that a crime has occurred. Id. Under the rule, "'an accused cannot be convicted solely on his uncorroborated extrajudicial admission or confession.' Instead, '*slight corroboration* of the confession is required to establish corpus delicti beyond a reasonable doubt.'" Allen, 287 Va. at 74 (citation omitted) (first quoting Watkins v. Commonwealth, 238 Va. 341, 348 (1989); then quoting Cherrix v. Commonwealth, 257 Va. 292, 305 (1999)). Slight corroboration "need not be 'of all the contents of the confession, or even all the elements of the crime,'" and may be proved either by direct or circumstantial evidence. Id. (quoting Watkins, 238 Va. at 348). Thus, if the corroborating evidence "'is consistent with a reasonable inference' that the accused committed the crime to which he has confessed, the Commonwealth need not establish through direct evidence those elements of the crime that are proven by the confession." Powell v. Commonwealth, 267 Va. 107, 145 (2004). However, "if the facts offered to satisfy the slight corroboration requirement are 'just as consistent with non-commission of the offense as . . . with its commission, then slight corroboration does not exist." Allen, 287 Va. at 75. "The question whether there exists evidence in corroboration of [a] confession is . . . a question for the trier of fact." Jefferson v. Commonwealth, 6 Va. App. 421, 425 (1988).

Appellant's argument is without merit because the record contains adequate corroboration of his extrajudicial confession of aggravated sexual battery.

The forensic nurse examiner, Ariel Ward, testified that K. complained of pain with urination. Ward also testified that she stopped her examination of K. because K. was feeling pain during the procedure, which was "not normal[]" for a six year old during such an examination. Although K. had a history of vaginitis and urinary tract infections, Kauffman testified that K. had not had a urinary tract infection for months prior to October 29, 2016.

Neither Ward nor Kauffman stated that at the time of the examination, K. was suffering from any infection or other ailment. This evidence is consistent with a reasonable inference that K. experienced her pain because appellant had earlier rubbed and digitally penetrated her genitals.

Appellant also made admissions to Kauffman which corroborate his confessional statements to Hengemuhle. See Terlicki, 65 Va. App. at 26 ("A confession is 'a statement admitting or acknowledging all facts necessary for conviction of the crimes' charged, while an admission admits of 'facts tending to prove guilt but falling short of an admission to all essential elements of the crime.'" (quoting Claxton v. Cty. of Lynchburg, 15 Va. App. 152, 155 (1992))). Appellant told Kauffman he was "sorry" when Kauffman confronted him about touching K.'s genitals. He also told her he had resigned his position as an instructor at a Tae Kwon Do school "to avoid any scandal." After confessing to Hengemuhle, appellant told Kauffman in a letter that he knew his conduct was "terrible and unforgiveable" and that he had experienced "a bad lapse in judgment" which he "completely regret[ted]." These admissions support a reasonable inference that appellant committed the act of aggravated sexual battery to which he confessed.

Further, appellant did not tell Kauffman about K.'s behavior or his putatively inadvertent contact with K.'s genitals when Kauffman returned from her exam or when the couple met for lunch. Later, when Kauffman confronted appellant about touching K., he began "shaking and crying" while apologizing. During his interview with Detective Hengemuhle, appellant initially denied that he touched K. in a sexual manner before agreeing to tell Hengemuhle "what really happened" and making confessional statements. Such behavior constitutes "acts or conduct of the defendant after the crime, which are not elements of the crime[] charged, [but] . . . tend to show a 'consciousness of guilt.'" Harter v. Commonwealth, 31 Va. App. 743, 748 (2000) (quoting Hope v. Commonwealth, 10 Va. App. 381, 386 (1990) (*en banc*)). Consequently,

appellant's behavior after the crime further supports a reasonable inference that appellant committed aggravated sexual battery of K.

Because this evidence is consistent with a reasonable inference that appellant committed the crime to which he confessed, we hold that the trial court did not err in finding sufficient corroboration of appellant's confession and thus that the *corpus delicti* requirement was met. We further hold that since a rational trier of fact could therefore have found the evidence sufficient to deny appellant's motions to strike and set aside the verdict, the trial court did not err in denying appellant's motions.[4]

### B. K.'s Recent Complaints of Sexual Abuse

Appellant argues the trial court erred in admitting evidence of K.'s recent complaints of sexual abuse because K. did not testify at trial. Based on the record, we need not determine whether the trial court erred in admitting the evidence in question because any alleged error committed as a result of its admission was clearly harmless.

An appellate court "'seek[s] the best and narrowest ground available for [its] decision.' It is often the case that the best and narrowest ground for resolving a case involves not the merits of the underlying issue, but rather, whether the alleged error had any effect on the outcome." Geouge v. Traylor, 68 Va. App. 343, 377 (2017) (citation omitted) (quoting Harvey v.

---

[4] Although appellant argues that the instant case is controlled by Allen v. Commonwealth, 287 Va. 68, Allen is readily distinguishable. In Allen, our Supreme Court vacated the defendant's conviction for aggravated sexual battery and dismissed the indictment after concluding there was insufficient evidence to corroborate the defendant's confession. Id. at 78. The defendant in Allen confessed to both his daughter and police that he had engaged in inappropriate sexual activity with his grandson. Id. at 70. The only other substantive evidence adduced at trial was the daughter's testimony that the defendant had had the opportunity to commit aggravated sexual battery because he spent time with the child, sometimes slept alone with him, and played and wrestled with him. Id. at 75. The Court concluded that this additional evidence was just as consistent with aggravated sexual battery not occurring as it was with the offense occurring, and thus did not provide slight corroboration of the defendant's confessions. Id. at 77. Here, by contrast, evidence beyond appellant's mere opportunity to commit aggravated sexual battery of K. corroborated his confession.

Commonwealth, 65 Va. App. 280, 285 n.2 (2015)). "The harmless-error concept is no mere prudential, judge-made doctrine of appellate review. Harmless error is a legislative mandate," which "the General Assembly [has] 'deliberately engrafted' . . . into the statutory law of the Commonwealth." Commonwealth v. White, 293 Va. 411, 419-20 (2017) (quoting Irvine v. Carr, 163 Va. 662, 669 (1934)). See Code § 8.01-678 (requiring harmless error review before a judgment is "arrested or reversed"); Commonwealth v. Swann, 290 Va. 194, 200 (2015) ("Code § 8.01-678 makes 'harmless-error review required in *all* cases.'" (quoting Ferguson v. Commonwealth, 240 Va. ix, ix (1990))). "Thus, it is 'the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless' lest they 'retreat from their responsibility, becoming instead "impregnable citadels of technicality."'" White, 293 Va. at 420 (quoting United States v. Hasting, 461 U.S. 499, 509 (1983)).

Because appellant has raised a challenge to the admissibility of evidence, we consider his claim under the standard for non-constitutional harmless error. Salahuddin v. Commonwealth, 67 Va. App. 190, 211-12 (2017). Under this standard, an error is harmless "[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678. Thus, an appellate court "may uphold a decision on the ground that any evidentiary error involved is harmless if it can conclude 'that the error did not influence the jury[] or had but slight effect.'" Salahuddin, 67 Va. App. at 212 (alteration in original) (quoting Clay v. Commonwealth, 262 Va. 253, 260 (2001)). Stated differently, "[a]n error is harmless . . . if 'other evidence of guilt is "so overwhelming and the error so insignificant by comparison that the error could not have affected the verdict."'" McLean v. Commonwealth, 32 Va. App. 200, 211 (2000) (quoting Ferguson v. Commonwealth, 16 Va. App. 9, 12 (1993)).

Appellant admitted to Detective Hengemuhle that he rubbed and digitally penetrated K.'s genitals. He also told Hengemuhle that his conduct was like what he does to his wife. As discussed above, additional evidence corroborates appellant's confession of aggravated sexual battery. That evidence includes Ward's testimony about K.'s pain, appellant's admissions to Kauffman, and appellant's conduct toward Kauffman and Hengemuhle. Based upon the record before us, and particularly in light of appellant's confession, we conclude that any error in admitting evidence of K.'s recent complaints of sexual abuse was so insignificant by comparison with the evidence of appellant's guilt that it could not have affected the verdict. Consequently, we hold that even if the trial court erred in admitting evidence of K.'s recent complaints of sexual abuse, that error was harmless.

### III. CONCLUSION

The trial court did not err in denying appellant's motions to strike and set aside the verdict. Further, any error by the trial court in admitting evidence of K.'s recent complaints of sexual abuse was harmless. Consequently, we affirm the judgment of the trial court.

Affirmed.