COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Coleman and Willis
Argued at Salem, Virginia


STEPHEN WAYNE MITCHELL
                                        OPINION BY
v.        Record No. 0362-96-3    JUDGE JERE M. H. WILLIS, JR.
                                        JUNE 24, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
                    George E. Honts, III, Judge

        Stephen R. Wills (William L. Heartwell, III;
        William L. Heartwell, III, P.C., on briefs),
        for appellant.

        Eugene Murphy, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


        Stephen Wayne Mitchell was convicted in a bench trial of

proposing an act of sodomy to a juvenile in violation of Code

§ 18.2-370. He contends on appeal that the trial court erred in

admitting hearsay testimony concerning the details of the

offense. We disagree and affirm the conviction.

                                I.

        The victim, a twelve-year-old boy, testified that he met

Mitchell, who was fishing along the bank of a creek near a

trailer park in which they both resided. Mitchell asked the

victim whether he wanted to make five dollars. The victim

replied, "no." The victim then asked how he could earn the

money. Mitchell replied, "Let me suck you." The victim

testified that he then asked what time it was and ran home.

Thereupon, he told his older brother, his mother, and her

boyfriend what had transpired.

Both the victim's mother and his brother testified during the Commonwealth's case-in-chief. Upon objection by the defense, the trial court did not permit them to relate what the victim had told them, but permitted them to testify that the victim had complained to them that he had been sexually solicited.

After the Commonwealth rested, Mitchell testified that he had been misquoted, and had said instead: "All you do is come around trying to suck up to me for more money." In rebuttal, the Commonwealth recalled the victim's brother. The Commonwealth proffered that the brother's testimony would corroborate the victim's. Over the defense's objection, the trial court ruled that the brother's testimony would be admitted as a report of the victim's prior consistent statement. The brother then testified as follows:

> When I first walked in there he started
> telling me that he was down there with Mitch
> . . . okay, he told me that he was down there
> and . . . okay . . . it was . . . [.]
>
> Okay, he started, he told me that he was down
> there and they was sitting down there, he was
> sitting down there watching Mitch fish and
> . . . and then . . . and then I think and
> Mitch pulled out five dollars and like folded
> it up and stuffed it like in his shirt pocket
> . . . and then he asked Ricky, he asked Ricky
> would he, would he like to make five dollars
> and . . . and Ricky said how and . . . and
> then Rick told me that he told Ricky to lay
> back . . . he told Ricky to lay back and to
> let him . . . he told him to lay back and
> . . . he told him to lay back and let him
> suck him so then, then Ricky asked him what
> time it was and I think he, I think he said
> he either ran home or just came back home.

II.

Decisions on the admissibility of evidence lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion. Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1989). The issue in this case is whether the trial court erred in permitting the victim's brother to testify on rebuttal as to out-of-court statements made by the victim describing details of the alleged criminal solicitation. The trial court admitted the rebuttal testimony of the victim's brother as a prior consistent statement by the victim. This ruling was error.

"As a general rule, a prior consistent statement of a witness is inadmissible hearsay." Faison v. Hudson, 243 Va. 397, 404, 417 S.E.2d 305, 309 (1992). However, evidence of a prior consistent out-of-court statement is admissible when the opposing party: (1) suggests that the declarant had a motive to falsify his testimony and the consistent statement was made prior to the existence of that motive, (2) alleges that the declarant, due to his relationship to the matter or to an involved party, had a design to misrepresent his testimony and the prior consistent statement was made before the existence of that relationship, (3) alleges that the declarant's testimony is a fabrication of recent date and the prior consistent statement was made at a time when its ultimate effect could not have been foreseen, or (4) impeaches the declarant with a prior inconsistent statement. See

- 3 -

id. at 404-05, 417 S.E.2d at 309-10.  See also 1 Charles E. Friend, The Law of Evidence in Virginia § 4-12 (4th ed. 1993). In each of these instances, the statement is offered merely to show that it was made, rather than as proof of any matter asserted.

The brother's rebuttal testimony fell within none of the carefully delineated exceptions authorizing the admission of prior consistent statements.  The defense did not suggest that the victim had a motive to falsify or a design to misrepresent his testimony.  It leveled against him no charge of recent fabrication.  It offered no prior inconsistent statement to impeach his testimony.  Rather, Mitchell merely testified as to his version of the facts and circumstances surrounding the alleged solicitation.

III.

Although the trial court erred in admitting the rebuttal testimony of the victim's brother as a prior consistent statement, that testimony was properly admissible as a report of a recent complaint of sexual assault.  Code § 19.2-268.2 provides:

> Notwithstanding any other provision of law, in any prosecution for criminal sexual assault under Article 7 (§ 18.2-61 et seq.) of Chapter 4 of Title 18.2, a violation of §§ 18.2-361, 18.2-366, 18.2-370 or § 18.2-370.1, the fact that the person injured made complaint of the offense recently after  commission of the offense is admissible, not as independent evidence of the offense, but for the purpose of corroborating the testimony of the

- 4 -

complaining witness.

This statute makes admissible, as an exception to the hearsay rule, a recent complaint by the victim of one of the specified sexual offenses. Evidence of the victim's out-of-court complaint is not admissible as independent evidence of the offense. Standing alone, it is insufficient to support a conviction. However, it is admissible to corroborate the victim's testimony and other independent evidence of the offense. See Woodard v. Commonwealth, 19 Va. App. 24, 28, 448 S.E.2d 328, 331 (1994).

The "recent complaint" exception embraces only the fact of the complaint and not details reported by the victim. Woodard, 19 Va. App. at 27, 448 S.E.2d at 330. However, the scope of admissibility lies within the sound discretion of the trial court. Id. Mitchell argues that the content of the brother's testimony went beyond reporting that the victim had complained of the offense and included inadmissible details, reported to the brother by the victim, but outside the scope of the "recent complaint" exception. We disagree.

The statute recognizes the probative value of the victim's recent complaint of a sexual offense. It is unreasonable to expect the victim of such an offense, particularly a child, to express his report in succinct, technical terms. It is consistent with human experience that such a victim will lodge his complaint in the form of a description of the event, and in that description lies his complaint of the offense. The

brother's testimony described such a complaint.  It exceeded in no significant way a report of the offense.  The details of the victim's complaint were elements of the offense.  Without those details, the complaint would have been incomplete.  Thus, the brother's testimony was properly admitted into evidence as a report of the victim's recent complaint of a sexual assault.

Because the brother's testimony was properly admissible as a report of the victim's recent complaint of a sexual assault, we find no error in the admission of that testimony into evidence. See Morrissey v. Commonwealth, 16 Va. App. 172, 179, 428 S.E.2d 503, 507 (1993).  The judgment of the trial court is accordingly affirmed.

Affirmed.