COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued at Norfolk, Virginia


WILLIAM ANTHONY BOOKER

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1603-98-1          JUDGE RICHARD S. BRAY
                                         AUGUST 3, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                  Christopher W. Hutton, Judge

          Charles E. Haden for appellant.

          Jeffrey S. Shapiro, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     William Anthony Booker (defendant) was convicted in a bench

trial of rape, two counts of inanimate object penetration and

four counts of forcible sodomy.[1]  On appeal, defendant complains

that the trial court erroneously (1) denied his motion to

restrict the Commonwealth's evidence to offenses committed on

dates specified in response to a bill of particulars, (2)

admitted hearsay evidence, and (3) found the evidence sufficient

to support the convictions.  Finding no error, we affirm the

trial court.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

     [1] Defendant's forcible sodomy convictions are not subject of
this appeal.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

## I.

Defendant first contends that he did not have "clear notification of the offense with which he was charged" because the trial court failed to limit the Commonwealth's proof to offense dates specified in response to the bill of particulars.

It is uncontroverted that the initial indictments charging defendant with the commission of the subject offenses, "on or about June 11 and June 23," 1996, were subsequently amended to allege offense dates, "on or about June 1 - 30, 1996." In response to defendant's bill of particulars, the Commonwealth specified that the crimes occurred "on or about" June 11 and June 23, 1996. The trial court, however, denied defendant's pretrial motion to limit the Commonwealth's evidence to offenses committed on the disputed dates.

During trial, the victim testified that the offenses occurred while she was in the second grade at school,[2] "in the nighttime when [her mother] was at work," adding, "I think it was June . . . summertime." The victim reported the incidents to her mother on June 28, 1996, and recalled that the most recent had occurred within the month.

---

[2] She also testified that school ended for summer recess on "the 20th of June."

-

Defendant moved to strike the evidence both at the conclusion of the Commonwealth's case and at the conclusion of the trial, arguing that the evidence did not establish that the offenses occurred on the dates specified in response to his bill of particulars. In denying the motion, the trial court noted:

> We know that these events occurred while [the victim] was in second grade, . . . from September of 1995, through June of '96. And . . . while the mother worked at Wendy's, which was October of '95, until sometime after the complaint. There was indication that they occurred during a summer month, of which June is at least a portion. There was some indication . . . from the witness that it actually did occur in June. So that narrows it down. And, additionally, we have the response that while these events occurred a long time before the complaint was made, that was qualified . . . to within a month. Based on the Court's feeling about the credibility of the [victim] . . ., and . . . all of those things together and narrowing the timeline, the Court is convinced beyond a reasonable doubt that these events did occur within the time period alleged in the indictment . . . .

Code § 19.2-220 provides, in pertinent part, that an "indictment . . . shall be a plain, concise and definite written statement, . . . (4) reciting that the accused committed the offense on or about a certain date." "No indictment or other accusation shall be quashed or deemed invalid: . . . (6) For omitting to state, or stating imperfectly, the time at which the offense was committed when time is not the essence of the offense." Code § 19.2-226; see Marlowe v. Commonwealth, 2 Va. App. 619, 622, 347 S.E.2d 167, 169 (1986). Thus, "the use of

-

the term 'on or about' in the indictment [for such offenses] is consistent" with statute, Marlowe, 2 Va. App. at 625, 347 S.E.2d at 171, and "the Commonwealth may . . . prove a date other than that alleged, if the date is not of the essence of the offense or not shown to be significant." Id. at 622, 347 S.E.2d at 169 (citations omitted); see Code § 19.2-226(6).

Code § 19.2-230 permits the trial court to "direct the filing of a bill of particulars at any time before trial." Code § 19.2-230. "'The purpose of a bill of particulars is to state sufficient facts regarding the crime to inform an accused in advance of the offense for which he is to be tried. He is entitled to no more.'" Swisher v. Commonwealth, 256 Va. 471, 480, 506 S.E.2d 763, 768 (1998) (citations omitted). The bill is relief available to an accused, at the discretion of the court, to supplement an indictment which fails to "'fully and clearly set forth all the material elements of the offense,'" but not "to expand the scope of discovery in a criminal case." Sims v. Commonwealth, 28 Va. App. 611, 619-20, 507 S.E.2d 648, 652-53 (1998) (citations omitted). Hence, the import of time to an offense ordinarily is of no greater significance in a bill of particulars than in an indictment.

Here, time was not an element of the offenses, and both the indictments and the Commonwealth's response to the bill of particulars sufficiently informed defendant of the relevant offense dates. Moreover, the evidence supports the trial

-

court's finding that the crimes occurred in June, 1996, clearly within the period embraced both in the indictments and the response. Hence, the trial court properly denied defendant's motion to limit the Commonwealth's proof and correctly overruled his later motions to strike.

## II.

Defendant next contends that the trial court erroneously permitted witnesses to recount the victim's statements relative to the subject offenses. He argues that such testimony was inadmissible hearsay, because "the . . . statements were not an outcry and were not recent."

Code § 19.2-268.2 provides that, "in any prosecution for criminal sexual assault . . ., the fact that the person injured made complaint of the offense recently after commission of the offense is admissible, not as independent evidence of the offense, but for the purpose of corroborating the testimony of the complaining witness." "However, only the fact of the complaint and not the details given therein may be admitted, but the scope of admission rests with the sound discretion of the trial court." Woodard v. Commonwealth, 19 Va. App. 24, 27, 448 S.E.2d 328, 330 (1994) (citations omitted).

The "'only time requirement is that the complaint have been made without delay which is unexplained or is inconsistent with the occurrence of the offense.'" Id. (citations omitted). "The initial determination of timeliness under the recent complaint

-

rule is committed to the sound discretion of the trial court, and thereafter, timeliness is a matter for the trier of fact to consider in weighing the evidence." Id. (citations omitted).

Here, the victim reported to her mother on June 28, 1996, that defendant "had been touching her on her private parts." She was immediately taken to the emergency room and examined by a pediatrician, who noted that the victim "made a specific complaint, a red and yellow cord had been put in her private parts, and that . . . [defendant] placed his penis in her private part." At trial, the victim testified that she did not immediately report the incidents to her mother because defendant "threatened [her] not to tell nobody . . . [and] he said if [she] tell anybody, something bad was going to happen." Thus, the content of the complaint was clearly embraced by the statute, and the delayed "outcry" explained by a "common circumstance[] surrounding sexual assault on minors[,] . . . threat of further harm from the assailant." Woodard, 19 Va. App. at 28, 448 S.E.2d at 330. Accordingly, the court properly admitted the statements into evidence.

### III.

Finally, defendant argues that the evidence was insufficient to establish penetration, an indispensable element of the subject crimes. When the sufficiency of the evidence is challenged on appeal, we must review the evidence in the light most favorable to the Commonwealth, and will disturb a verdict

-

only if plainly wrong or without evidence to support it.  See Code § 8.01-680; Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The credibility of the witnesses, the weight accorded testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

The victim testified that defendant "stuck his private parts in my private part."  Upon further questioning, she specified that defendant "st[u]ck his penis . . . [i]n my vagina," and "it hurted . . . felt like something was in it." She recalled that defendant "stuck [a] sponge curler in [her] butthole," explaining to her that he was "seeing how deep [it] is."  She was certain that defendant "was able to put it in . . . [b]ecause [she] felt it . . . [and] it was hurting real bad."  The victim also testified that defendant "took [his index] finger, and he stuck that in [her] butthole."  She was aware "it was actually going in . . . [b]ecause [she] felt the nail, and it felt like . . . [she] had to use the bathroom." Similarly, when defendant "stuck [a VCR cord] in [the victim's] vagina," she "felt it" "going inside," and "[i]t hurted."

"Under settled principles of law, the child's testimony alone, if believed by the [fact finder], [is] sufficient to support [defendant's] conviction, even in the absence of corroborating physical or testimonial evidence."  Love v.

-

Commonwealth, 18 Va. App. 84, 90, 441 S.E.2d 709, 713 (1994) (citations omitted).  The penetration necessary to establish object sexual penetration and rape, "need be only slight."  Jett v. Commonwealth, 29 Va. App. 190, 194, 510 S.E.2d 747, 749 (1998) (en banc) (citations and internal quotations omitted).  Contrary to defendant's contention, such evidence in the instant record was not rendered incredible either by the testimony of physicians or human experience.  Clearly, therefore, the testimony of the victim, together with other evidence, was sufficient to establish the requisite penetration.

Accordingly, we affirm the convictions.

Affirmed.