COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Frank and Clements
Argued at Richmond, Virginia


SALEEM AMEER WILLIAMS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1070-07-2                      JUDGE ROBERT P. FRANK
                                                    OCTOBER 14, 2008
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                               Bradley B. Cavedo, Judge

            Jessica M. Bulos, Assistant Appellate Defender (Office of the Public
            Defender, on briefs), for appellant.

            Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Saleem Ameer Williams (appellant) appeals his convictions, following a jury trial, for

taking indecent liberties with a minor child, in violation of Code § 18.2-370; aggravated sexual

battery, in violation of Code § 18.2-67.3; and object sexual penetration, in violation of

Code § 18.2-67.2.  On appeal, he contends that the trial court erred in admitting a letter that the

victim wrote to her school counselor as a recent complaint under Code § 19.2-268.2.

Specifically, appellant challenges:  1) the timeliness of the complaint, 2) the letter's detailed

contents, 3) the trial court's failure to give a cautionary instruction as to the letter's contents, and

4) the letter's alleged evidence of other crimes and unadjudicated prior bad acts.  For the reasons

that follow, we affirm his convictions.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

Under well established principles of appellate review, we view the evidence and all reasonable inferences deducible from that evidence in the light most favorable to the Commonwealth, the party prevailing below. Banks v. Commonwealth, 41 Va. App. 539, 543, 586 S.E.2d 876, 877 (2003). So viewed, the evidence proved that K.S., a thirteen-year-old female, became friendly with appellant when he was dating her sister. In the summer of 2004, K.S. went to live with her sister, her infant niece, and appellant.

Shortly thereafter, appellant began asking K.S. sexual questions. One night, appellant approached K.S. as she was watching television. Appellant began rubbing her leg. Appellant then turned to face K.S., unbuttoned her pants, placed his hand beneath her underwear, and stuck his fingers into her vagina. K.S. blacked out. When she regained consciousness, her pants were undone. Appellant was in the kitchen. Later that day, appellant again approached K.S. and exposed his penis to her.

K.S. returned home a few weeks later, just before the start of school. Her mother noticed that K.S. had become withdrawn. Further, a school counselor, Krystal Johnson, was assigned to K.S. to address depression and behavioral problems. In February 2006, the counselor went to K.S.'s home to pick up K.S. As they were leaving in the counselor's car, K.S. saw appellant walking to her house. The counselor noticed that K.S. jumped and became unusually animated. The counselor asked K.S. about her behavior, but K.S. did not want to talk. The counselor asked K.S. to write down her thoughts and concerns.

The next day, K.S. gave the counselor a letter that she had written. The letter read:[1]

> Hey Krystal Wonder what you is doing probably paper work. Let
> me tell you why I don't like comeing home. I don't like comeing
> home because I don't want to see Saleem or hear mommy and

---

[1] The contents of the letter have been reproduced verbatim, without corrections.

- 2 -

daddy argue I don't want to see Saleem because he tells me things that I relly don't want to hear. They are relly nasty. He dose relly nasty things to. But anyway Im board relly relly board. I'll tell you some things since I have nothing else to write Well I don't even know where to start Well see the think with Saleem started when I was 13 yrs old I was living with Kim and I stayed in the living room and every body started saying that I liked him so thats when he took it to the head he asked to eat me and have sex with me and he used to try to kiss me and he'd tell me that he'd turn me out and that I could have sex with him and he'd say that I wouldn't get pregnant cause I won't on no period he stuck his finger in me and then try to persuade me to let him do it to me. PLEAS DONT TELL KNOW ONE!

This was the first time K.S. had told anyone what appellant had done. The counselor notified K.S.'s family, as well as the police.

Before the trial, appellant filed a motion *in limine* to exclude K.S.'s letter. The trial court overruled that motion. At trial, the Commonwealth offered the letter into evidence under the "recent complaint" exception to the hearsay rule. The trial court admitted the letter over appellant's objection.

ANALYSIS

I. TIMELINESS OF RECENT COMPLAINT

Virginia's "recent complaint" exception has been codified in Code § 19.2-268.2, which provides, in relevant part:

> Notwithstanding any other provision of law, in any prosecution for criminal sexual assault . . . the fact that the person injured made complaint of the offense recently after commission of the offense is admissible, not as independent evidence of the offense, but for the purpose of corroborating the testimony of the complaining witness.

Appellant argues that the evidence failed to adequately explain the twenty-month delay between the offense and the complaint and that K.S.'s letter should not have been admitted into evidence. "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v.

- 3 -

Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). The party objecting to the admission of the evidence bears the burden of proving that the trial court erred. Dunn v. Commonwealth, 20 Va. App. 217, 220, 456 S.E.2d 135, 136 (1995).

In this case, twenty months passed between the offense and the complaint. However, the recent complaint rule's "only time requirement is that the complaint have been made without a delay which is unexplained or is inconsistent with the occurrence of the offense." Woodard v. Commonwealth, 19 Va. App. 24, 27, 448 S.E.2d 328, 330 (1994). Further, determining such timeliness initially is within "'the sound discretion of the trial court, and thereafter, timeliness is a matter for the trier of fact to consider in weighing the evidence.'" Id. (quoting Herron v. Commonwealth, 208 Va. 326, 330, 157 S.E.2d 195, 198 (1967)).

In the instant case, the delay in reporting the offense was adequately explained by the victim. K.S. testified that she waited to report the incident for two reasons. First, she did not think that anyone would believe her. Second, K.S. was very close to her sister and to her niece, appellant's daughter. K.S. was concerned about her niece's father going to jail.

These concerns provide a sufficient and reasonable explanation for K.S.'s delay in reporting the assault. See generally Wilson v. Commonwealth, 46 Va. App. 73, 84-85, 615 S.E.2d 500, 505-06 (2005) (ruling that a three-year delay was reasonable because of the victim's fear of her father, as well as her embarrassment); Brown v. Commonwealth, 37 Va. App. 169, 173, 554 S.E.2d 711, 713 (2001) (explaining that a twenty-one-month delay was reasonable because the victim was scared of the appellant and did not think anyone would believe her); Corvin v. Commonwealth, 13 Va. App. 296, 299, 411 S.E.2d 235, 237 (1991) (holding that because of the victim's youth, fright, and embarrassment, a fourteen-month delay in reporting an assault by a juvenile probation officer "did not render his testimony inherently incredible as a matter of law").

Appellant attempts to distinguish this case from Brown, Wilson, and Corvin by pointing out that he did not have a familial or supervisory relationship with K.S. This contention is both incorrect and immaterial. K.S. was a child at the time this occurred. Appellant is an adult, and he was involved in a relationship with K.S.'s older sister. For a time, K.S. lived with appellant in his home. Furthermore, K.S. explained that her fear that she would not be believed, as well as her concern for her baby niece, kept her from immediately reporting the incident. A school counselor noticed K.S.'s emotional reaction to the mere sight of appellant approaching her house; only after this did K.S. confide in her counselor. Even then, K.S. wrote a letter because she was not comfortable verbally telling her counselor what had happened.

It is true that Brown, Wilson, and Corvin each involved some type of familial or supervisory relationship. However, while this relationship was relevant to explain the delay, it is not a requisite for allowing a complaint after a delay. There is nothing in any of these cases to suggest that such a relationship is required in order to justify a delay in making a complaint. The victim is merely required to offer an adequate explanation for the delay.

In this case, there is abundant evidence in the record to explain the trial court's finding that the delay in reporting was explainable and even consistent with the offense. The trial court did not err in admitting the letter into evidence.

## II. DETAILS OF THE LETTER

Appellant contends that the trial court erred in admitting the actual letter written by K.S., because only the fact of the complaint was admissible under the "recent complaint" exception.

Only the fact of the complaint and not the details given therein may be admitted; however, the scope of admission rests with the sound discretion of the trial court. Herron, 208 Va. at 330, 157 S.E.2d at 198. The "recent complaint" exception does not include the details

provided by the victim. Mitchell v. Commonwealth, 25 Va. App. 81, 86, 486 S.E.2d 551, 553 (1997) (citing Woodard, 19 Va. App. at 27, 448 S.E.2d at 330).

Rule 5A:18 requires that "an objection be made when the occasion arises, at the time the evidence is offered or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986). Appellant did not raise this objection at the time that the letter was offered or admitted into evidence. At trial, appellant's argument mirrored the written motion *in limine*, contending:

> [O]ur basis for this is the Court can see the letter is unsigned. It's undated. It doesn't refer to a person's name. We believe that the Commonwealth will introduce this letter as purported to be written by the alleged victim, [K.S.], to her George Wythe School counselor, [K]rystal Johnson. Your Honor, our basis for filing this motion in limine is that we feel that the information that it addresses as best is duplicative of what might be offered. But more pertinently, it is prejudicial to our client. It refers to incidents that are not before the Court, and we think that the introduction of it would serve to confuse and mislead the jury. Your Honor, I don't believe that a simple objection during trial would suffice as to the admissibility of the letter given its prejudicial value to my client which I think far outweighs any probative value. So on that basis, I would ask the Court to order that the Commonwealth refrain from using that letter or referring to any statement regarding that letter.

Later in the trial, when the Commonwealth moved K.S.'s letter into evidence, appellant argued, "Your Honor, again, I would just argue that it's not recent, and it would be the same motion I argued before the Court this morning that it doesn't fall under the statutory exception."

Although appellant contended that the letter was duplicative and prejudicial, he made no argument as to the letter's contents at any point before the letter was admitted into evidence.

During Krystal Johnson's subsequent testimony, appellant objected to her testifying as to what K.S. shared in her letter. The trial court limited Ms. Johnson's testimony to demonstrate that K.S. made a report to her, without providing the details of the complaint. Appellant did not

- 6 -

object to the admission of the actual letter. Further, the letter had already been admitted into evidence prior to this argument.

When the letter was offered into evidence, appellant did not object based on the letter containing details. Appellant first raised the issue later in the trial. An objection, in order to be timely, must be made at the time the evidence is offered. Ingram v. Commonwealth, 1 Va. App. 335, 341, 338 S.E.2d 657, 660 (1986). Because appellant did not make this objection, it is waived and we will not consider it on appeal.

### III. CAUTIONARY INSTRUCTION

Code § 19.2-268.2 establishes that a recent complaint is admissible "not as independent evidence of the offense, but for the purpose of corroborating the testimony of the complaining witness." Appellant argues that the trial court had an affirmative duty to give the jury a cautionary instruction regarding the limited evidentiary purpose of K.S.'s letter. Yet appellant did not request or proffer such an instruction. Therefore, appellant has waived his right on appeal to argue that he was entitled to that cautionary instruction. See Rule 5A:18; Hodges v. Commonwealth 272 Va. 418, 433, 634 S.E.2d 680, 688 (2006).

A trial judge is not required to give such an instruction, limiting the purpose for which evidence may be considered, *sua sponte*; rather, the defendant is charged with requesting such an instruction. Id. (citing Manetta v. Commonwealth, 231 Va. 123, 127 n.2, 340 S.E.2d 828, 830 n.2 (1986)).

Appellant cites Jiminez v. Commonwealth, 241 Va. 244, 402 S.E.2d 678 (1991), Campbell v. Commonwealth, 14 Va. App. 988, 421 S.E.2d 652 (1992), and Mery v. Commonwealth, 12 Va. App. 821, 825, 407 S.E.2d 18, 21 (1991), as support for his contention that the trial court had an affirmative duty to give a cautionary instruction. However, these cases are inapplicable to the matter now before this Court.

In each of these cases, the principle of law at issue was materially vital to the defendant. See Whaley v. Commonwealth, 214 Va. 353, 355-56, 200 S.E.2d 556, 558 (1973) ("[W]hen the principle of law is materially vital to a defendant in a criminal case, it is reversible error for the trial court to refuse a defective instruction instead of correcting it."). Jiminez focused on a statute's notice requirement, which was a required element of the charged offense. Campbell addressed a jury instruction that relieved the Commonwealth of its burden to prove the defendant's criminal intent, an element of forging a public record, the offense charged. Mery considered the issue of consent, a vital part of the defense to the rape charge against the defendant.

Jiminez, Campbell, and Mery all required instructions addressing either an element of the offense or an element of the defense. They are inapposite to this case. Rather, Hodges applies here, and we find that no error occurred.

Appellant failed to request a cautionary instruction from the trial court. "The trial court was not required to give such an instruction *sua sponte*." Manetta, 231 Va. at 127 n.2, 340 S.E.2d at 830 n.2.

## IV. OTHER CRIMES AND UNADJUDICATED PRIOR BAD ACTS

Appellant contends that the trial court abused its discretion when it admitted K.S.'s letter because it contained inadmissible evidence of other crimes and unadjudicated prior bad acts. At trial, however, appellant argued that the letter was unsigned, undated, duplicative, and prejudicial. Appellant stated that the letter "refers to incidents that are not before the Court" and that its admission would "confuse and mislead the jury." Appellant did not specifically object to the letter on the grounds of prior bad acts; rather, appellant makes this argument for the first time on appeal.

After appellant made this general relevancy objection, the Commonwealth responded and the trial court ruled on the motion. Appellant's argument alerted neither the Commonwealth nor the trial judge to the potential issue of prior bad acts. Indeed, the Commonwealth did not address prior bad acts in its response, nor did the trial court in its ruling. The trial judge did not have an opportunity to consider or rule on the prior bad acts allegedly contained in the letter.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Rule 5A:18 requires that objections to a trial court's action be made with specificity in order to preserve an issue for appeal. Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*). The party must alert the trial court to the precise issue to which he objects. Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992). "Not just any objection will do. It must be both *specific* and *timely*, so that the trial judge would know the particular point being made in time to do something about it." Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005) (emphasis in original).

The trial court did not err in admitting the letter.

## CONCLUSION

For the foregoing reasons, we conclude that the trial court did not abuse its discretion in admitting K.S.'s letter or in failing to give a cautionary instruction regarding the letter. We affirm appellant's convictions.

Affirmed.