COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Malveaux and Causey
Argued at Norfolk, Virginia


CARLOS EDUARDO MOLINA

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 0229-23-1          JUDGE DORIS HENDERSON CAUSEY
                                                   JUNE 4, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Althea L. Mease, Public Defender, for appellant.

Lucille M. Wall, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a trial in the Portsmouth Circuit Court, a jury convicted Carlos Eduardo Molina

of aggravated sexual battery, in violation of Code § 18.2-67.3.[1] The circuit court sentenced Molina

to 20 years' incarceration, with 16 years suspended, and placed him on 10 years' supervised

probation. On appeal, Molina contends that the circuit court erred by: (1) finding the evidence

sufficient to convict him of aggravated sexual battery, (2) allowing the testimony of the victim's

father, (3) denying his motion for mistrial, and (4) sentencing him to ten years of supervised

probation. Finding no error, we affirm the circuit court's judgment.

---

[*] This opinion is not designated for publication. See Code § 17.1-413(A).

[1] Molina was also charged with one count of custodial indecent liberties, in violation
of Code § 18.2-370.1, which was dismissed by the circuit court at Molina's second motion to
strike.

BACKGROUND[2]

At trial, C.D.[3] testified that in 2017, she was six years old and lived with the defendant, Carlos Molina, in his home, with her mother and brother. One night, C.D. could not sleep and went into Molina's room where Molina and C.D.'s mother were sleeping. C.D. asked Molina if she could play on his phone. Molina responded by saying that if C.D. would "touch[] him" on his "penis" then she could play games on his phone. Molina "pulled down" his pants and underwear so that his penis was visible to C.D. C.D. touched Molina's penis. Molina then told C.D. that if she "licked" his penis, she "could download as many games as [she] wanted on his phone." C.D. refused to lick Molina's penis. C.D. proceeded to play games on Molina's phone until she fell asleep. C.D.'s mother remained asleep during this time. C.D. testified that she told no one about what happened until she went to visit her father, Matthew Dennis, a few months later.

Dennis reported the allegation to local law enforcement. Subsequently, Molina was charged with one count of aggravated sexual battery, in violation of Code § 18.2-67.3, and one count of custodial indecent liberties, in violation of Code § 18.2-370.1.

At trial, Dennis testified that in 2017, C.D. was living with her mother and Molina in Portsmouth. Molina objected to Dennis's testimony that Molina lived in Portsmouth, and the circuit court overruled Molina's objection. Dennis testified that in June 2018, C.D. told him about "an event that had taken place at Mr. Molina's home" where Molina asked her to touch his penis. Molina again objected to Dennis's statement. The circuit court overruled the objection.

---

[2] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of Molina's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

[3] We use initials to refer to the minor child in an attempt to better protect her privacy.

During cross-examination, Dennis stated that he had never visited Molina's house. On re-direct, Dennis stated that he had visited Molina's previous residence, which was in South Norfolk. C.D.'s mother, Christina Dennis, testified during trial that she met Molina in 2016 and his first apartment was "on Elmhurst." Christina testified that she moved in with Molina "to that white place." When asked if the "white place" was "in the city of Portsmouth," Christina answered, "Yes."

During cross-examination, Christina stated she did not remember the address of the "white house." Christina also stated that between 2017 and 2018, she, Molina, and her children lived in the white house in Portsmouth, a house in South Norfolk, and a house in Suffolk.

At the close of the Commonwealth's evidence, Molina moved to strike the charges. For the charge of aggravated sexual battery, Molina argued that the Commonwealth had failed to "establish jurisdiction for this Court to rule in this case." In response, the Commonwealth argued that Christina testified that the "white house" was in Portsmouth and that Dennis testified that C.D. told him the event occurred when C.D. was living in Portsmouth. The circuit court denied Molina's motion.

At the conclusion of all the evidence, Molina renewed his motion to strike on the same grounds. The circuit court granted Molina's motion to strike the custodial indecent liberties charge but denied it with regard to the aggravated sexual battery charge. While presenting closing argument to the jury, the Commonwealth stated:

> Ladies and gentlemen, the evidence is before you today. The defense has not put on any evidence to refute what the Commonwealth has put on.

Molina objected to the Commonwealth's statement immediately and asked the circuit court to grant a mistrial. Molina argued that the Commonwealth's statement referring to defense "not put[ting] on

any evidence" was an improper statement commenting on Molina's right not to testify. Molina also argued the comment was "prejudicial." The circuit court denied Molina's motion for a mistrial.

After the jury began deliberating, Molina renewed his motion for a mistrial based on the Commonwealth's statement in closing argument. The circuit court noted that it had instructed the jury that there was no burden on defense to produce any evidence and that the court had instructed the jury that opening and closing statements are not evidence. The circuit court again denied Molina's motion for a mistrial.

After the court denied Molina's mistrial motion, it asked Molina if there were any other motions he wanted to put on the record. Molina stated that he objected to Dennis's testimony because it was hearsay without an exception under Code § 19.2-268.2. Molina argued that C.D.'s reporting of the assault was not made "recently" after the offense and that the Commonwealth failed to show a reason for the delay in C.D.'s reporting time. The circuit court overruled Molina's motion.

After deliberation, the jury found Molina guilty of aggravated sexual battery, in violation of Code § 18.2-67.3. Molina requested a presentence report and asked the circuit court to defer a finding of guilt until the presentence report. The circuit court denied Molina's request for a deferred finding but ordered a presentence report. The circuit court also stated that it would "allow counsel . . . to renew the motions" they had previously made regarding guilt and would revisit the issues to determine if the case should be dismissed.

Prior to sentencing, Molina filed a written motion to set aside the verdict. Molina argued that the Commonwealth failed to establish the offense occurred in the City of Portsmouth and thus failed to prove the offense occurred in the Commonwealth of Virginia. As such, Molina asked the circuit court to set aside the verdict of guilt and dismiss the indictment with prejudice.

The Commonwealth filed a response to Molina's motion, arguing that jurisdiction was established through all three Commonwealth witnesses. The Commonwealth noted that C.D. testified that during 2017, she was sexually assaulted by Molina when living in "his house" which both Dennis and Christina stated was in Portsmouth.

The circuit court heard argument on Molina's motion to set aside the verdict. Molina argued the Commonwealth failed to establish jurisdiction. After argument, the circuit court found that "the evidence [wa]s sufficient to establish . . . jurisdiction" and denied Molina's motion. The circuit court sentenced Molina to 20 years' incarceration with 16 years suspended. This appeal follows.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Pijor*, 294 Va. at 512). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

Molina first argues that the circuit court erred by finding the evidence sufficient to convict him of aggravated sexual battery because the Commonwealth failed to prove territorial jurisdiction both in the City of Portsmouth, Virginia and in the Commonwealth of Virginia.

"A crime must generally be tried where it occurred." *Gerald v. Commonwealth*, 295 Va. 469, 482 (2018) (quoting *Garza v. Commonwealth*, 228 Va. 559, 566 (1984)). "In a criminal trial, the Commonwealth bears the burden of proving venue." *Tanner v. Commonwealth*, 72 Va. App. 86, 94 (2020). "To do so, it must produce evidence sufficient to give rise to 'a "strong presumption" that the offense was committed within the territorial jurisdiction of the court.'" *Id.* (quoting *Williams v. Commonwealth*, 289 Va. 326, 332 (2015)). "When an appellate court reviews a challenge to proof of venue, it considers whether the evidence, viewed 'in the light most favorable to the Commonwealth,' is sufficient to support the trial court's venue finding." *Id.* at 94-95 (quoting *Bonner v. Commonwealth*, 62 Va. App. 206, 211 (2013) (en banc)). "Territorial jurisdiction is synonymous with venue." *Commonwealth v. Leone*, 286 Va. 147, 151 (2013) (citing *Kelso v. Commonwealth*, 282 Va. 134, 139 (2011)). "Territorial jurisdiction is the 'authority over persons, things or occurrences located in a defined geographic area.'" *Id.* (quoting *Porter v. Commonwealth*, 276 Va. 203, 228 (2008)).

Viewed in the light most favorable to the Commonwealth, the evidence creates a "strong presumption" that the offense took place in both the Commonwealth of Virginia and in the City of Portsmouth. C.D. testified that the incident happened in Molina's home in 2017. Christina, C.D.'s mother, testified that she was living with Molina in a white house in Portsmouth in 2017 and that C.D. was living in Molina's home in Portsmouth. Dennis, C.D.'s father, also testified the incident happened in Portsmouth. Taken as a whole, the evidence was sufficient to create a "strong presumption" that the sexual battery took place in the City of Portsmouth. Thus, the circuit court's factual finding that the crime occurred in Portsmouth was not without evidence to

support it.  Moreover, after concluding that the evidence was sufficient to prove that the offense occurred in Portsmouth, we reject Molina's argument that the evidence was insufficient to prove that the offense occurred in the Commonwealth.  *Cf. Owusu v. Commonwealth*, 11 Va. App. 671, 673 (1991) (finding that no evidence "tend[ed] to prove that the offenses occurred within the Commonwealth of Virginia" where there was "[n]o street address, town, or locality . . . mentioned with respect to the location of the offenses").

Molina also argues that the circuit court erred by allowing the testimony of Dennis because the statements were inadmissible as hearsay.  "[T]he 'admissibility of evidence is within the discretion of the trial court,' and an appellate court will not reject such decision absent an 'abuse of discretion.'"  *Williams v. Commonwealth*, 71 Va. App. 462, 487 (2020) (quoting *Tirado v. Commonwealth*, 296 Va. 15, 26 (2018)).  The recent complaint hearsay exception provides as follows:

> Notwithstanding any other provision of law, in any prosecution for criminal sexual assault under Article 7 (§ 18.2-61 et seq.) of Chapter 4 of Title 18.2, a violation of §§ 18.2-361, 18.2-366, 18.2-370 or § 18.2-370.1, the fact that the person injured made complaint of the offense recently after commission of the offense is admissible, not as independent evidence of the offense, but for the purpose of corroborating the testimony of the complaining witness.

Code § 19.2-268.2.  Under this statute, "only the fact of the complaint and not the details given therein may be admitted, but the scope of the admission rests within the sound discretion of the trial court."  *Woodard v. Commonwealth*, 19 Va. App. 24, 27 (1994).

Under the recent complaint statute "it is understood that the 'only time requirement is that the complaint have been made without a delay *which is unexplained or is inconsistent with the occurrence of the offense*.'"  *Id.* (quoting Edward W. Cleary, *McCormick on Evidence* § 297 (3rd ed. (1984)).  "The initial determination of timeliness under the recent complaint rule is committed to the sound discretion of the trial court, and thereafter, timeliness is a matter for the

trier of fact to consider in weighing the evidence." *Id*. (citing *Herron v. Commonwealth*, 208 Va. 326, 330 (1967)).

Molina relies on *Lindsey*[4] and *Woodard* to support his position. In both cases, the victims were 13 years old. In *Lindsey v. Commonwealth*, 22 Va. App 11, 14 (1996), the victim waited two years to report. This Court held that the two-year delay in making the complaint did not preclude admission of recent complaint evidence. *Id*. at 16. In *Woodard*, this Court held that the victim's delay in reporting was not unexplained or inconsistent with the occurrence of the offense. 19 Va. App. at 28. This Court explained:

> To the contrary, her delay is explained by and completely consistent with the all too common circumstances surrounding sexual assault on minors--fear of disbelief by others and threat of further harm from the assailant.

*Id*.

Here, C.D. was six years old when she was sexually assaulted. At the time of the assault, she was living with her mother, brother, and Molina in Molina's home. Seven months later, when she was out of the state and visiting her father, she told him about the incident. Dennis testified that C.D. was living with her mother and Molina in Portsmouth and that in June 2018 C.D. told him about "an event that had taken place at Mr. Molina's home" where Molina asked her to touch his penis. Though C.D. did not testify to the reason for the delay, a reasonable fact finder could determine several reasons for C.D.'s delayed reporting including the fact that because she was living in the same home as Molina, she was uncomfortable reporting the abuse until she was out of the state visiting her father. *See Wilson v. Commonwealth*, 46 Va. App. 73, 84-85 (2005) (noting the victim's "impressionable age" and "the family relationship between the parties" as important factors in evaluating a delayed report of abuse).

---

[4] *Lindsey v. Commonwealth*, 22 Va. App. 11 (1996).

Dennis's testimony did not fall outside the recent complaint exception to hearsay. Therefore, it was not an abuse of discretion for the circuit court to admit the testimony of Dennis.

Molina further contends that the circuit court erred by denying his motion for a mistrial. On appeal, the Court "reviews the denial of a motion for a mistrial under the abuse of discretion standard of review." *Warnick v. Commonwealth*, 72 Va. App. 251, 263 (2020). "Upon familiar principles, we will not reverse the denial of a motion for a mistrial unless a manifest probability exists that the trial court's ruling was prejudicial." *Wright v. Commonwealth*, 52 Va. App. 690, 707 (2008). The discretion to discharge a jury before it has reached a verdict is to be exercised "only in the very extraordinary and striking circumstances." *Briley v. Commonwealth*, 221 Va. 563, 577 (1980).

"[A] comment on the defendant's failure to contradict the incriminating evidence presented by the prosecution does not offend the Fifth Amendment if, in context, the comment could be understood to refer to contradictory evidence from sources other than the defendant." *Pollino v. Commonwealth*, 42 Va. App. 243, 250 (2004). "Always there rests upon the accused the burden of explaining away incriminating evidence, where a *prima facie* case is made out, and, if he fails, such failure may be commented upon in argument but not his failure to testify." *Cooper v. Commonwealth*, 54 Va. App. 558, 575 n.7 (2009).

In *Washington v. Commonwealth*, 216 Va. 185, 195 (1975), our Supreme Court held that a prosecutor's comment that the Commonwealth's evidence was "uncontradicted" was not necessarily a reference to the defendant's failure to testify but "w[as] directed to the evidence of witnesses who had testified." In *Washington*, the defendant argued that the trial court erred in not declaring a mistrial because the Commonwealth's Attorney repeatedly stated their evidence was "uncontradicted." *Id*. The Court noted that such comments were not impermissible

argument on the defendant's failure to testify, but comments directed towards the witnesses' credibility. *Id.*

Here, the Commonwealth did not improperly comment on Molina's right to testify. The Commonwealth stated that "the defense has not put on any evidence." Like the comment in *Washington* referring to the "uncontradicted" evidence of the prosecution's case, the Commonwealth here was referring to the lack of contradictory evidence. Moreover, unlike *Washington* where the statement was made repeatedly, here the Commonwealth only made the statement once. Furthermore, at no point did the comment mention Molina by name or reference his decision not to take the stand which are the facts of the cases that Molina cites.

Therefore, the Commonwealth did not offend Molina's Fifth Amendment rights nor our binding case law with its statements in closing argument and it was not an abuse of discretion for the circuit court to deny Molina's motion for a mistrial on these grounds.

Finally, Molina argues that the circuit court erred and abused its discretion by sentencing him to ten years of supervised probation upon his release from custody. "To the extent an assignment of error involves statutory construction, we review these issues *de novo*." *Quyen Vinh Phan Le v. Commonwealth*, 65 Va. App. 66, 76 (2015). "[W]hen construing a statute, our primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." *Diaz-Urrutia v. Commonwealth*, 77 Va. App. 182, 191 (2023) (quoting *Cuccinelli v. Rector & Visitors of the Univ. of Va.*, 283 Va. 420, 425 (2012)). If "the language of a statute is unambiguous, we are bound by the plain meaning of that language." *Heart v. Commonwealth*, 75 Va. App. 453, 466 (2022) (quoting *Cuccinelli*, 283 Va. at 425). When one statute "speaks generally on an issue and another addresses the same issue in a more specific manner, 'the two should be harmonized, if possible, and where they conflict, the latter prevails.'"

*Chesapeake Hosp. Auth. v. State Health Comm'r*, 301 Va. 82, 96 (2022) (quoting *Va. Dept. of Health v. Kepa, Inc.*, 289 Va. 131, 142 (2015)).

Under Virginia law, "[a]ggravated sexual battery is a felony punishable by confinement . . . of not less than one nor more than 20 years." Code §18.2-67.3(B). "After conviction . . . the court may suspend imposition of sentence or suspend the sentence in whole or part and . . . may place the defendant on probation under such conditions as the court shall determine." Code § 19.2-303. "The court may fix the period of probation for up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned." *Id*. "Any period of supervised probation shall not exceed five years from the release of the defendant from any active period of incarceration." *Id*. Yet the additional language of Code § 19.2-303 states:

> *Notwithstanding any other provision of law*, in any case where a defendant is convicted of a violation of [any of eight enumerated offenses, including Code § 18.2-67.3], committed on or after July 1, 2006, and some portion of the sentence is suspended, the judge shall order that the period of suspension shall be for a length of time *at least equal to* the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, and the defendant shall be placed on probation for that period of suspension subject to revocation by the court. The conditions of probation may include such conditions as the court shall determine, including active supervision.

(Emphases added).

This Court has construed the meaning of "notwithstanding" as "without prevention or obstruction from or by" "other incongruous laws." *Holloway v. Commonwealth*, 72 Va. App. 370, 376-77 (2020) (quoting *Green v. Commonwealth*, 28 Va. App. 567, 570 (1998)). Thus, "notwithstanding any other provision of law," the requirements of Code § 19.2-303 specifically addressing the listed felonies, including aggravated sexual battery, define the circuit court's authority to set the terms of Molina's suspended sentence.

Molina was convicted of one count of aggravated sexual battery, in violation of Code § 18.2-67.3. Code § 18.2-67.3 is expressly listed as an exception to the five-year limitation placed on supervised probation by Code § 19.2-303. The circuit court sentenced Molina to 20 years of incarceration, the maximum amount of time he was allowed to receive, but suspended 16 years. Under Code § 19.2-303, the circuit court was required to order a period of suspension equal to the statutory maximum for a conviction of Code § 18.2-67.3. Moreover, "[t]he conditions of probation may include such conditions as the court shall determine, including active supervision." Code § 19.2-303. One of the terms of Molina's probation was active supervision for ten years. Under the authority of Code § 19.2-303, the circuit court was allowed to give Molina a period of active supervision beyond the five-year limitation and within the limits of Code § 18.2-67.3. Thus, the circuit court did not abuse its discretion when it sentenced Molina to supervised probation for ten years.

## CONCLUSION

For the foregoing reasons, we find no error in the circuit court's judgment.

*Affirmed.*