COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Coleman and Bumgardner
Argued at Salem, Virginia


WARREN LEE BROGGIN, JR.

MEMORANDUM OPINION[*] BY
v.    Record No. 0131-98-3       JUDGE SAM W. COLEMAN III
                                 OCTOBER 5, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Richard S. Miller, Judge

B. Leigh Drewry, Jr., for appellant.

Kathleen B. Martin, Assistant Attorney
General, (Mark L. Earley, Attorney General,
on brief), for appellee.


Warren Lee Broggin was convicted in a bench trial of robbery
and use of a firearm in the commission of a felony in violation of
Code §§ 18.2-58 and 18.2-53.1.  On appeal, Broggin contends that
the trial court erroneously admitted hearsay evidence and that the
evidence was insufficient to support the convictions.  We affirm.

I.  BACKGROUND

On review of a challenge to the sufficiency of the evidence,
we view the evidence in the light most favorable to the prevailing
party and grant to it all reasonable inferences fairly deducible

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

therefrom.  See Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998).

Vachel Pollard, Tyshon Reeves, and Warren Broggin hired a cab.  The cab company dispatched Stanley Williams to transport the three.  At some point during the evening, Pollard gave Reeves a pistol.  After making several trips by cab, the three directed the driver to take them to Pollard's grandmother's house.  While the cab driver waited, the three decided to rob him.  After discussing the plan, Broggin said, "all right . . . we'll do that."

The three men then directed the driver to a dead-end street. When there, Reeves told the driver to stop the car, and with pistol in hand, told the driver to "Give it up."  The three took $25 in bills, some change, a utility knife, a pager, and a scanner from the driver.  Reeves testified that Broggin took the scanner.

Pollard, who testified for the Commonwealth, stated that Broggin had agreed to rob the driver and that Broggin knew about the gun.  Reeves also testified that Broggin was aware of the plan to rob the driver and that he agreed to it.

On direct examination, when the Commonwealth's attorney asked Pollard if he was testifying because "he wanted to," he responded, "I ain't -- no, I was supposed to testify."  On cross-examination, defense counsel asked whether Pollard had arranged through his counsel to benefit from testifying against Broggin.

[Defense Counsel]: Now Mr. Pollard, of course you're charged in this as well; is this right?

[Pollard]: Yes, sir.

[Defense Counsel]: And you've talked to your lawyer, Mr. Light, about this haven't you?

[Pollard]: Yes, sir.

[Defense Counsel]: And you've also -- you realize -- you're testifying today because you're hoping your testimony is going to help you, aren't you?

[Pollard]: Yes, sir.

[Defense Counsel]: And you want to do or say anything that's going to help you, don't you?

[Pollard]: Yes, sir.

[Defense Counsel]: If that means that you've got to point the finger at somebody else you're going to do that; isn't that right?

[Pollard]: No, sir.

Over Broggin's hearsay objection, the Commonwealth introduced a statement that Pollard earlier had made to Detective Viar soon after Pollard's arrest. The trial court admitted the evidence as a prior consistent statement that Pollard had made before he had an opportunity to meet with counsel and make arrangements to benefit from his testimony. Pollard's prior statement made immediately after the arrest also implicated Broggin as part of the scheme. However, in some

- 3 -

respects Pollard's prior statement contradicted his trial

testimony.

## II.  ANALYSIS

The trial court did not err by allowing the Commonwealth to

introduce Pollard's hearsay statement made to Detective Viar

soon after Pollard's arrest.[1]

> [E]vidence of a prior consistent
> out-of-court statement is admissible when
> the opposing party:  (1) suggests that the
> declarant had a motive to falsify his
> testimony and the consistent statement was
> made prior to the existence of that motive,
> (2) alleges that the declarant, due to his
> relationship to the matter or to an involved
> party, had a design to misrepresent his
> testimony and the prior consistent statement
> was made before the existence of that
> relationship, (3) alleges that the
> declarant's testimony is a fabrication of
> recent date and the prior consistent
> statement was made at a time when its
> ultimate effect could not have been
> foreseen, or (4) impeaches the declarant
> with a prior inconsistent statement.

Mitchell v. Commonwealth, 25 Va. App. 81, 84-85, 486 S.E.2d 551,

552-53 (1997); see Faison v. Hudson, 243 Va. 397, 404-05, 417

---

[1] Despite the Commonwealth's claim that Broggin failed to state adequate grounds for his objection, Broggin preserved the issue for appeal.  See Rule 5A:18.  Without prompting, the Commonwealth offered specific grounds for admitting the hearsay as a prior consistent statement.  Broggin objected to the statement and objected to the grounds on which it was offered. The trial court considered and ruled on the specific issue.  The trial court was fully aware of the nature of Broggin's objection.  Accordingly, appellant preserved the issue for appeal.

- 4 -

S.E.2d 305, 309-10 (1992) (noting exceptions to rule barring admission of prior consistent statements).

After being apprehended, accomplices frequently have a tendency and incentive to shift blame.  See Lilly v. Virginia, 119 S. Ct. 1887, 1904 (1999) (Rehnquist, C.J., concurring) (noting that a codefendant's custodial confession is viewed with "'strong suspicion'" given his "'strong motivation to implicate the defendant and exonerate himself'" (quoting Lee v. Illinois, 476 U.S. 530, 541 (1986))).  Here, Broggin's counsel suggested that Pollard had a reason to fabricate by implicating Broggin.  Broggin implied that Pollard had reached agreements with the assistance of his counsel from which, Pollard stood to gain by incriminating Broggin.  Because Broggin implied that Pollard had a recent motive to incriminate him, Pollard's prior consistent statement, made at a time before Pollard had an opportunity to meet with counsel or arrange to benefit from his testimony, was relevant to corroborate Pollard's trial testimony.

However, as Broggin points out, Pollard's prior statement conflicted in some respects with his trial testimony.  In the prior statement, Pollard had said that the three decided to rob the driver before the cab ride and that the idea was originally Broggin's.  Also, Pollard had said that Broggin took cash from the driver, but at trial he stated that Broggin was present and

supported the robbery, but he did not take any items from the cab driver.

The fact that Pollard's prior statement differed in some respects from his trial testimony did not render it inadmissible as a prior consistent statement.  The statement was materially consistent with Pollard's trial testimony insofar as it implicated Broggin as having knowledge of and agreeing to rob the driver at gunpoint.  Whether evidence is admissible lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.  See Blain v. Commonwealth, 7 Va. App. 10, 16-17, 371 S.E.2d 838, 842 (1988).  The prior statement was relevant to disprove Broggin's assertion of recent fabrication.  To the extent that the statement contained evidence in addition to the prior consistent statement, the trial court is presumed to have disregarded those portions of the statement that did not serve the purpose for which the court admitted it.  See Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977) (holding that trial court is presumed to know and properly apply the law); Hall v. Commonwealth, 14 Va. App. 892, 902, 421 S.E.2d 455, 462 (1992) (en banc) (holding that the trial court is presumed to disregard prejudicial or inadmissible evidence).

As to the sufficiency of the evidence, the evidence is sufficient to support Broggin's convictions for robbery and use

of a firearm in the commission of a felony.  When the sufficiency of the evidence is challenged on appeal, we review the evidence to determine whether the elements of the offense are proven beyond a reasonable doubt, and we uphold the conviction unless it is plainly wrong or lacks evidentiary support.  See Jenkins, 255 Va. at 520, 499 S.E.2d at 265.  Mere conflicts in the evidence or the fact that there is evidence, which if believed would not support a conviction, do not render the evidence insufficient.  See Lewis v. Commonwealth, 8 Va. App. 574, 582, 383 S.E.2d 736, 741 (1989) (en banc).

> "When the alleged accomplice is actually present and performs overt acts of assistance or encouragement, he has communicated to the perpetrator his willingness to have the crime proceed and has demonstrated that he shares the criminal intent of the perpetrator.  When the alleged accomplice is actually present, but performs no overt act, he is nonetheless a principal in the second degree if he has previously communicated to the perpetrator that he shares the perpetrator's criminal purpose."

Rollston v. Commonwealth, 11 Va. App. 535, 539, 399 S.E.2d 823, 825-26 (1991) (quoting Roger D. Groot, Criminal Offenses and Defenses in Virginia 183 (1984)).

Here, the evidence, viewed in the light most favorable to the Commonwealth, showed that Broggin was aware of, and agreed to, a plan to rob the driver.  Reeves testified that Broggin took the scanner from the driver.  Thus, Broggin committed an overt act in furtherance of the robbery and communicated his

- 7 -

approval and intent to participate prior to the robbery. Accordingly, the evidence was sufficient to convict him of robbery as a principal in the second degree.

Because the evidence was sufficient to convict Broggin of robbery as a principal in the second degree, so too is it sufficient to convict him of use of a firearm in the commission of a felony. With the exception of certain capital murder charges, every felony principal in the second degree may be indicted, tried, convicted, and punished as a principal in the first degree. See Code § 18.2-18. Although Broggin did not personally possess the weapon, by acting in concert with Reeves and Pollard to commit the robbery, Broggin is criminally accountable for use of the weapon in the commission of a felony. See Carter v. Commonwealth, 232 Va. 122, 125-26, 348 S.E.2d 265, 267-68 (1986); Cortner v. Commonwealth, 222 Va. 557, 562-63, 281 S.E.2d 908, 911 (1981). Thus, the evidence is sufficient to convict him of using a firearm in the commission of a felony in violation of Code § 18.2-53.1.

Accordingly, the trial court did not err by admitting Pollard's prior consistent statement to rebut allegations of recent fabrication. Furthermore, the evidence is sufficient to support the convictions of robbery and use of a firearm in the commission of a felony. We affirm the convictions.

Affirmed.