COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Elder, Frank and Petty
Argued at Salem, Virginia


KRISTEN MICHELLE WALKER

                                                 MEMORANDUM OPINION[*] BY
v.        Record No. 0868-12-3                    JUDGE ROBERT P. FRANK
                                                       JUNE 18, 2013

COMMONWEALTH OF VIRGINIA


                   FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                               Joseph W. Milam, Jr., Judge

              M. Lee Smallwood, II, Assistant Public Defender (Office of the
              Public Defender, on brief), for appellant.

              Elizabeth C. Kiernan, Assistant Attorney General (Kenneth T.
              Cuccinelli, II, Attorney General, on brief), for appellee.


        Kristen Michelle Walker, appellant, was convicted, in a bench trial, of grand larceny, in

violation of Code § 18.2-103.  On appeal, she asserts the trial court erred in admitting an exhibit

which showed the value of the items stolen as violating her Sixth Amendment right of

confrontation.  She contends that without that exhibit, the evidence was insufficient to prove grand

larceny.[1]  For the reasons stated, we affirm the judgment of the trial court.

                                        BACKGROUND

        On December 2, 2011, appellant took a number of items belonging to Hobby Lobby in

Danville.  At the cash register, she paid for several items but did not pay for others.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] As to sufficiency, appellant does not challenge that she stole the items in question, but
only challenges the value.  Thus, we only include the facts addressing the admissibility and value
issues.

Police responded and inventoried the stolen items in appellant's presence. The store manager, Assick Khan ("Khan"), observed the stolen items as they were being removed from appellant's possession.

On December 9, 2011, Khan and the office manager, Andrea Knight ("Knight"), inventoried the items in order to "find out the value of what was taken to document what was stolen to put endorses [sic] for our loss/prevention department." Together they created a typewritten "Loss Prevention Incident Report" ("loss prevention report" or "the report"), indicating the department from which each item was taken, the quantity of that item taken, and the item's price. At Khan's direction, Knight entered the category, description, quantity, and price into the system that generated the report. The prices on the list were obtained directly from the price tag on each item. Hobby Lobby does not use scanners so all information regarding the purchase is entered manually at the register. The prices came "[f]rom on the items themselves." Khan testified that the report was prepared to be filed with the loss/prevention department.

Khan testified Knight typed the list under his supervision. Khan read some prices out to Knight, and she copied some of the price tags herself. Khan testified he stayed with Knight the entire time the list was being prepared, and reviewed the final list for accuracy. He stated that there did not appear to be any more or fewer items than he recalled from his participation on the night appellant was arrested. The items appeared to be the same ones he saw the police remove from appellant's bag on the night she was arrested. Khan further testified that when he and Knight entered the stolen items into the system, he was looking at the items. Knight did not testify at trial.

Khan testified the price tags on the items correctly reflected the items' prices as well as any "clearance" price. However, advertised sale discounts would be deducted at the register, and were not reflected on the price tag, or in the report. To account for price differences for items that were advertised as on sale, the Commonwealth introduced into evidence Hobby Lobby's sale

advertisement for the relevant time period. The sales advertisement showed certain categories of items, such as "floral," "framing" and "jewelry making" as being discounted by fifty percent. No category of items is discounted more than fifty percent.

According to the report, the total value of the unpaid items, before sales discounts were taken, was $411.20.

The trial court admitted the report into evidence as Commonwealth's Exhibit 1, finding that the report was prepared under Khan's direction, that he was present during its preparation, and that Khan was familiar with the stolen items because he actually recovered them from appellant. The trial court concluded that appellant had an opportunity to confront Khan, the person responsible for compiling the report. Responding to appellant's argument that the $411.20 total did not reflect certain sale items, the trial court concluded that even if all of the stolen items were discounted by fifty percent, the total value of the items still would exceed $200. The trial court found appellant guilty of grand larceny.

This appeal follows.

ANALYSIS

Confrontation Clause

On appeal, appellant contends the admission of the list of stolen items, which included the value of each item, violated her Sixth Amendment right to confrontation because she was unable to cross-examine Knight, who, according to appellant, prepared the report. Without this list, appellant contends, the evidence was insufficient to prove that the value of the stolen items was over $200. We first address the confrontation argument because it disposes of the sufficiency contention.

On appeal, decisions regarding the admissibility of evidence generally "'lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of [that] discretion.'" Breeden v. Commonwealth, 43 Va. App. 169, 184, 596 S.E.2d 563, 570 (2004) (quoting Mitchell v.

- 3 -

<u>Commonwealth</u>, 25 Va. App. 81, 85, 486 S.E.2d 551, 553 (1997)).  However, constitutional

arguments present questions of law that appellate courts review *de novo*.  <u>Crawford v.

Commonwealth</u>, 281 Va. 84, 97, 704 S.E.2d 107, 115 (2011).

The Confrontation Clause of the Sixth Amendment provides that "in all criminal

prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."

"[T]he principal evil at which the Confrontation Clause was directed was the civil-law mode of

criminal procedure, and particularly its use of *ex parte* examinations as evidence against the

accused."  <u>Crawford v. Washington</u>, 541 U.S. 36, 50 (2004).

The Supreme Court of the United States, in <u>Crawford</u> and <u>Melendez-Diaz v. Massachusetts</u>,

557 U.S. 305 (2009), made it clear that the admission of documentary evidence in lieu of the live

testimony of witnesses violates a criminal defendant's confrontation rights under the Sixth

Amendment, if the documents are testimonial in nature, because such documents cannot be tested

"in the crucible of cross-examination."  <u>Crawford</u>, 541 U.S. at 61.  On the other hand, the admission

of documentary evidence that is not testimonial does not offend the Confrontation Clause.  Business

and public records, for example, are not testimonial because they are created for the administration

of affairs generally "and not for the purpose of establishing or proving some fact at trial."

<u>Melendez-Diaz</u>, 557 U.S. at 324.

If the statement is found to be testimonial, "the Sixth Amendment demands what the

common law required:  [in-court confrontation or] unavailability and a prior opportunity for

cross-examination."  <u>Crawford</u>, 541 U.S. at 68.  Significantly, the Court declared that the "core class

of 'testimonial' statements" include:

> *ex parte* in-court testimony or its functional equivalent — that is,
> material such as affidavits, custodial examinations, prior testimony
> that the defendant was unable to cross-examine, or similar pretrial
> statements that declarants would reasonably expect to be used
> prosecutorially; extrajudicial statements . . . contained in
> formalized testimonial materials such as affidavits, depositions,

- 4 -

> prior testimony, or confessions; statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

Id. at 51-52.

Appellant here argues that the admission of Commonwealth's Exhibit 1, the loss prevention incident report, violated her Sixth Amendment right to confrontation because Knight, a co-preparer of the report, was not present at trial and available for cross-examination. The Commonwealth responds that this Court's decision in Robertson v. Commonwealth, 61 Va. App. 554, 738 S.E.2d 531 (2013) (*en banc*), controls and that appellant's confrontation rights were not violated because Khan was available for cross-examination. We agree with the Commonwealth.

In Robertson, a store manager and another employee compiled a list of items that Robertson had taken from the store. Initially, the manager directed the cashier to scan each item into the register to determine the price and to write down each item with its price on a sheet of paper. 61 Va. App. at 557, 738 S.E.2d at 533. The manager then created a paper tape on an adding machine that added the prices from the handwritten list of prices she and the cashier had just listed. Id. The trial court admitted the handwritten list of items and prices along with the adding machine tape. Id. At the request of the investigating officer, the manager and employee created a voided receipt from the list of stolen merchandise and that document was also entered into evidence. Although the manager and employee worked together to create the exhibits, only the store manager testified at trial. Robertson challenged the admission of the evidence on the ground that she was unable to cross-examine the employee, who she claimed generated the exhibits. This Court affirmed the trial court, explaining that the manager was present and supervising the employee who acted as a "mere scrivener." Id. at 564, 738 S.E.2d at 536.

In Robertson, citing Bullcoming v. New Mexico, 131 S. Ct. 2705 (2011), this Court indicated that while exhibits may constitute testimonial evidence, there is no violation of the

Confrontation Clause as long as the accused is confronted with "'a live witness competent to testify to the truth of the statements made in the [exhibit].'" 61 Va. App. at 560, 738 S.E.2d at 534 (alteration in original). "[T]he Sixth Amendment does not require that every person who had some role in performing a forensic analysis, or whose work upon which the ultimate conclusions depend, testify at trial." Aguilar v. Commonwealth, 280 Va. 322, 335, 699 S.E.2d 215, 222 (2010).

Here, Khan and Knight worked together to generate the report. At trial, Khan was able to describe the process of creating the report in detail because he was present at all times, and observed Knight as she followed his instructions in preparing the report. Khan had firsthand knowledge of the items stolen, their quantity, and their value. Khan also explained that he reviewed the list for accuracy after it had been created and that it was correct. Here, as in Robertson, Knight "did nothing beyond a recordation function, supervised and observed by a competent witness [Khan] who did testify subject to cross-examination." Robertson, 61 Va. App. at 560, 738 S.E.2d at 534.

We conclude that Commonwealth's Exhibit 1 was jointly prepared under Khan's supervision and control. One of the individuals fully involved in the preparation was available and subject to cross-examination. Thus, the trial court did not err in admitting the exhibit based upon the testimony and cross-examination of Khan, who was instrumental in the preparation of Commonwealth's Exhibit 1.

Appellant argues that Khan was not competent to testify to the accuracy of the report because his recollection was "horrid." The Commonwealth correctly responds that substantive reliability concerns the weight accorded to the evidence and not the admissibility. See id. at 565, 738 S.E.2d at 537 ("Any deficiencies in [the manager's] testimony on cross-examination regarding what she may or may not have overlooked in observing and supervising [employee's] recordkeeping is certainly relevant to the weight the factfinder may choose to assign to the evidence,

but it does not implicate a violation of the Confrontation Clause."). Thus, the accuracy of the report is a question of weight, not admissibility.

### Grand Larceny

Appellant's sufficiency argument is premised on the admissibility of the report. Without it, appellant argues, there is no evidence as to the value of the stolen items.

Appellant was convicted of violating Code § 18.2-103, which makes it unlawful to convert merchandise to her own use without having paid the full purchase price. Violation of that statue, if the merchandise involved in the offense is $200 or more, shall be deemed grand larceny. See Code § 18.2-103.

"In Virginia, larceny is a common law crime. We have defined larceny as 'the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently.'" Carter v. Commonwealth, 280 Va. 100, 104-05, 694 S.E.2d 590, 593 (2010) (quoting Skeeter v. Commonwealth, 217 Va. 722, 725, 232 S.E.2d 756, 758 (1977)). Code § 18.2-95 defines grand larceny and provides, in pertinent part, that "[a]ny person who . . . (ii) commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand larceny . . . ."

When considering on appeal the sufficiency of the evidence presented below, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002). As previously stated, Commonwealth's Exhibit 1 was properly admitted into evidence. The evidence presented at trial, including the report, was sufficient to prove grand larceny. As the trial court explained, even if every item was discounted by fifty percent, the total value of the items taken from Hobby Lobby exceeded $200.

CONCLUSION

For the above stated reasons, we find the admission of Commonwealth's Exhibit 1 did not violate appellant's Sixth Amendment right to confrontation.  Therefore it was properly admitted into evidence.  The evidence was sufficient to sustain appellant's conviction for grand larceny, and the conviction is affirmed.

<u>Affirmed.</u>